## V. T. COLQUITT v. THE STATE.

1. Language used by combatants to each other at the time and place of the assault is admissible in evidence as part of the *res gestæ*.

2. An assault or battery committed by one female upon another is not necessarily an aggravated assault or battery, though an assault or battery by an adult male on a female is made aggravated assault or battery by the express provisions of the Penal Code. (Article 2150, Paschal's Digest.)

3. It was error to instruct that a male defendant was guilty of an aggravated assault if he was present and consenting to a simple assault by one female upon another, whether he aided the aggressor or not.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

The facts of the case are stated in the opinion of the court.

No brief for the appellant has reached the hands of the Reporter.

*Wm. Alexander*, Attorney General, for the State.—The court will find, on examination of the statement of facts, that there was evidence, which, if believed by the jury, tended to prove that there was a preconcerted arrangement among the four defendants to attack Burkhart and wife; and that in pursuance of that preconcerted arrangement, the four defendants moved together to the execution of their design; that in the execution of that design, the defendant, V. T. Colquitt, seized Burkhart's horse by the bridle and prevented him from going to the assistance of his wife, while she was suffering an attack by one of the other defendants. It is clear, therefore, that what was done by V. T. Colquitt was part of the *res gestæ*, and was properly admitted to the jury.

The second error assigned is the exclusion of the testimony of S. Burkhart, as to words used by N. J. Burkhart to Nancy Colquitt at the time of the assault.

The object of this evidence, as appears by the bill of exceptions, was to "show the provocation given by the latter." If the object had been "mitigation of punishment," (see Paschal's Digest, article 2147,) the testimony might have been admitted, but for the fact, that if V. T. Colquitt was guilty at all, he was guilty of carrying out a prearranged unlawful purpose, and the words proposed to be proven had not been spoken at the time of the prearrangement, and could by no possibility have had any effect on him, to influence his conduct, whatever might have been their effect upon the party actually committing the battery. But the object was not mitigation of punishment. It was to "show provocation," and the

testimony was properly excluded, as offered for a purpose unauthorized by the law.

The third assignment of error objects to the sixth and seventh sections of the judge's charge; but by reference to article 2150, Paschal's Digest, the court will perceive that the objection is groundless.

The fourth assignment of error has as little foundation as the third. It complains that the court failed to instruct the jury that they might find a verdict for a simple assault or simple assault and battery.

In the very nature of things, the offense, if proven under the indictment in this case, must have been aggravated assault, or nothing; for it was an assault by an adult male upon the person of a female, which is always an aggravated assault. (See Jackson v. State, 25 Texas, Sup., 229.)

EVANS, P. J.—The appellant, V. T. Colquitt, and Nancy and Charles Colquitt, and Woodson Blake were indicted for an aggravated assault and battery upon the person of N. J. Burkhart, a female.

At the September term, 1870, Nancy Colquitt was convicted of a simple assault, and fined ten dollars. At the same term of the court Woodson Blake was convicted of an aggravated assault, and fined one hundred dollars.

At the January term, 1871, Charles Colquitt was tried and acquitted; and the appellant, V. T. Colquitt, was convicted of an aggravated assault and battery, and fined one hundred dollars, and from which he appealed to this court.

The main facts of the case, as shown by the testimony, are as follows: Solomon Burkhart, a witness for the State, testifies that he and his wife, Nancy J. Burkhart, were returning home on horseback, and were met by the four defendants on foot, and that the appellant, V. T. Colquitt, seized his horse by the bridle and

cursed and abused him.    He also testifies that about the same time
Nancy Colquitt pulled Nancy J. Burkhart off her horse, and
beat her head and body with a stick ; and that while said battery
was taking place, V. T. Colquitt stood in front of his horse, hav-
ing let go the bridle, and did not then say or do anything ; that
when the parties were about to separate, he believed his wife did
say to V. T. Colquitt that she wished to meet him friendly, as she
had hitherto done.

Houston Burkhart, a witness for the State, testifies that on the
day mentioned in the indictment he went to Blake's house, and
that the four defendants were there ; that as Burkhart and wife
came in sight he heard Nancy Colquitt say that " they were go-
ing over to whip Burkhart and his wife," but did not hear any
expression from the others.    That he, with the four defendants,
went to meet Burkhart and wife, and that V. T. Colquitt caught
Burkhart's horse by the bridle and cursed him, and that Nancy
Colquitt pulled Mrs. Burkhart from her horse and beat her with
a stick.    He did not see V. T. Colquitt do, or hear him say any-
thing to Mrs. Burkhart.

Woodson Blake testified that they had been informed that
Burkhart and wife had been telling scandalous tales about the
defendants, and that they were angry about it.    He did not hear
Nancy Colquitt say, " we are going over to whip Burkhart and
his wife," and that he was not aware of any such intention on the
part of the defendants.    That V. T. Colquitt did not say or do
anything to Mrs. Burkhart, but told Nancy Colquitt to quit
beating her and to behave herself.    He also testified that before
the parties separated Mrs. Burkhart went up to V. T. Colquitt
and said, " Mr. Colquitt, you have acted the gentleman !    I want,
hereafter, to meet you friendly as we have hitherto done."

The court refused to permit the defendant to prove the language
and words used by Nancy Colquitt and Nancy J. Burkhart to
each other immediately preceding and at the time and place of the
assault.

We are of the opinion that the court erred in excluding from the jury the language of the parties uttered at the time of the assault; it constituted a part of the "*res gestæ*," and should have been admitted.

Again, the court charged the jury, that if they believed the defendant was present when Nancy Colquitt committed the assault and battery upon Mrs. Burkhart, and did then and there advise or agree to the commission of said offense, whether he aided her or not, they should find him guilty of an aggravated assault and battery.

This charge is manifestly erroneous. An assault or battery becomes aggravated when committed by an adult male upon the person of a female. (See article 2150, Paschal's Digest.)

An assault or battery does not necessarily become aggravated when committed by one woman upon another. Nor is an adult male necessarily guilty of an aggravated assault and battery simply because he agrees that one woman may commit an assault upon another woman, whether he aids her or not.

For these errors in the ruling of the court below, the judgment is reversed and the cause remanded.

Reversed and remanded.