Bradbury, J.
The defendant in error, in his petition in the court of common pleas, averred, among other matters, that he had bought of the Railway Company a ticket entitling him to travel on its railroad from Norwalk to Collins, the station next east from Norwalk, and return; that on his way to the passenger train to take passage, it was necessary to cross a track of defendant on which a west bound passenger train was due; that the Railway Company had caused notice to be posted on its bulletin board there, that this latter train was fifteen minutes late, and that defendant in error, relying on said notice, was lawfully crossing said track when said latter train, hidden from his view by obstructions, came into the station on time, or nearly so, and at a reckless and negligent rate of speed, without signal, by bell, whistle or otherwise, whereby he was injured, without fault on his part, by being violently struck and run upon by said train.
The Railway Company by answer put in issue all these averments of the petition, except that the defendant in error was struck and injured by the train. It also answered that “the plaintiff was well acquainted with the movements of trains and the tracks and premise? where he was injured, and, on said December 8, 1881, without necessity or excuse therefor, went upon defendant’s railroad track, and, by his own negligence and want of ordinary care, directly contributed to his injury;” which last defense was denied by the reply.
The issues thus made up between the parties required the plaintiff in the court of common pleas, to prove that he was at the station in the character of a passenger; it was also material for him to show that he was misled and his vigilance lulled by the statement on the bulletin board of the railway company that the train was late. He complained in the circuit court, among other things, that the court of common pleas had, on the trial in the latter court, excluded from the jury certain evidence that was admissible to estab *27 lish his contention in these particulars, and that incompetent evidence had been admitted by that court over his objection. The circuit court stated upon its journal that the grounds of its action in reversing the judgment of the court of common pleas was the rulings of the latter court in ’ admitting and rejecting evidence, and that in other respects it found no error in the proceedings, of that court. This entry on the journal of the circuit court excludes any inference that the judgment was reversed because the verdict was against the weight of the evidence, and therefore the judgment of the circuit court may be reviewed by this court.
The bill of exceptions does not purport to contain all the evidence, nor even any considerable part of it, but is limited to that which was offered and rejected or immediately connected with and explanatory of it, and that which plaintiff below contends was improperly admitted.
The item of evidence first excluded from the jury as shown by the bill of exceptions, was in the deposition of Vinton F. Sheldon, who testified to a declaration of the porter at the hotel, of which it appears the plaintiff below was proprietor. The witness was asked if he was present, and if so, what he saw of it, etc. He answered: “I was there. It was in the morning of the 8th of December; I was waiting to take a train to Wakeman.' Mr; Herrick sent a porter over to see about the train, as I was stopping at Herrick’s hotel and wished to take the train. The porter reported the train fifteen minutes late.” The last sentence, “The porter reported the train fifteen minutes late,” was, on motion of the Railway Company, excluded from the jury, to which ruling the plaintiff below excepted.
This evidence, we think, was competent and should have been admitted; it was not offered in proof of the fact that the train was fifteen minutes late, or even late at all. The plaintiff below did not contend that the train was late; it was not his theory of the accident; on the contrary he insisted that it came in on time, or nearly so. That, in his view, was the imme&ate cause of his injury; he acted on the supposition that the train was late, and crossed the railroad track to enter as a passenger a car of another train of the *28 same company going in another direction, because he believed it to be late. The state of his belief in this respect becomes important upon the question of his own contributory negligence; his vigilance had been disarmed, as he contended, by information that he had no cause to suspect was false. This it was material that he should establish, and whatever evidence tended to that end was competent. The report of his own messenger, whether true or false, certainly tended to show that he believed the train to be late. Acting upon such information one might well attempt to cross a railway track without being chargeable with negligence, whereas if he had acted heedlessly without inquiry, the act would be properly characterized as negligent, or even reckless. Nor was this evidence less competent because he had afterward seen the notice upon the bulletin board himself. Error committed in the rejection of competent evidence is not cured because there was other and even stronger evidence to establish the same fact introduced to and considered by the jury.
On the trial in the court of common pleas the defendant in error read in evidence to the jury the deposition of George E. Miller who was a clerk at the Herrick House, a hotel of which the defendant in error was proprietor. In response to a question put to him this witness answered: “In the morning Mr. Herrick was injured he started out and said he was going to Collins. I asked him if he had his ticket, as he had one in the money drawer, and I looked to see if he had it.” Upon the motion of the Railway Company the words “said he was going to Collins” were ruled out, to which ruling defendant in error excepted.
The defendant in error had averred in his petition:
“That he had bought and procured of the defendant a ticket as a passenger on its trains to and from Collins, the station on said railroad next east of said Norwalk, and at the time of the occurrences hereinafter stated, was crossing said track nearest to said platform, for the purpose of taking passage on said eastward-bound train for said Collins.”
The Railway Company had not only denied this, but had also averred as a separate ground of defense that the de *29 fendant in error, “ without necessity or excuse therefor, went upon defendant’s railroad track, and by bis own negligence and want of ordinary care, directly contributed to said injury.”
It therefore became material for defendant in error to show that he was injured while on his way to the train that ran to Collins, for the purpose of getting on as a passenger to be carried to that place. Was his declaration that he “was going to Collins,” competent evidence of that fact? That depends whether the declaration was contemporaneous with, and explanatory of," the act of departure. One departing from home may have in view any conceivable place, or any conceivable purpose, as. his destination or object. The act of departure is thus in itself of the most ambiguous character; it does not afford the slightest cue to the object of the journey; it is natural and usual — according to the common experience of mankind — that the party should say something respecting his departure, of an explanatory character. Declarations thus made are a part of the act itself. Starkie in his treatise upon Evidence lays down the rulé as follows: “In the first place, an entry or declaration accompanying an act seems, on principles already announced, to be admissible evidence in all cases where a question arises as to the nature or quality of that act * * * such evidence is also admissible on the same principle to show the intention with which an -act is done, where the intention is material. Thus, on questions of bankruptcy, declarations made by a .trader, contemporary with, of during the act of, absenting himself from his place of residence or business, are constantly admitted in proof of the real nature and quality of the act. Indeed, wherever an entry or declaration reflects light upon or qualifies an act which is relevant to the matter in issue, and is evidence in itself, it becomes admissible as part of the res gestee, if it be contemporaneous with the act * 10 Ed. 466, 467. This doctrine has received the sanction of this court in a number of cases. “Where an act of a party is admissible in evidence, his declarations, at the time, explanatory of that act, are also admissible, as part of the res gestee.” Wetmore v. Mell, 1 *30 Ohio St. 26. See also Insurance Company v. Tobin, 32 Ohio St. 78; Leggett v. State, 15 Ohio, 283; Moore v. State, 2 Ohio St. 500; Dickson v. State, 39 Ohio St. 73. This doctrine is discussed and maintained by the text writers-. Wharton on Evidence, 262, 1102; Greenleaf on Evidence, 108, as well as illustrated by almost innumerable adjudicated cases, only a small number of which need be referred to. Milne v. Leisler, 7 H. & N. 786; Blake v. Damon, 103 Mass. 199; Ahern v. Goodspeed, 72 N. Y. 108; Louden v. Blythe, 16 Penn. St. 532; Scott v. Shelo, 28 Grat. 891; Stevens v. McCloy, 36 Iowa, 659; Colquitt v. State, 34 Texas, 550.
As every intendment favorable to the ruling of the court of common pleas should have been indulged by the circuit court, and should be by this court also, the question arises whether the record discloses v with sufficient certainty, that the declaration excluded was made by the defendent in error at the time he departed to take the train, rather than upon some other occasion when he may have left the hotel. The bill of exceptions is meager; it does not purport to set forth all the evidence or all the other proceedings had at the trial. •All that it discloses on this subject is as follow: “Plaintiff then read in evidence to the jury the deposition of George E. Miller, who testified that he was clerk of the plaintiff at his hotel, the Herrick House, when the said injury to the plaintiff occurred, and in reply to the question of what he then saw, the witness said: 'In the morning Mr. Herrick was injured he started out and said he was going to Collins. I asked him if he had his ticket, as he had one in the money drawer, and I looked to see if he had it.’ To which words ‘said he was going to Collins’ the defendant objected.” This witness stated, as disclosed in another part of the bill of exceptions, that the ticket was' gone when he looked to see if Herrick had it. So, take the entire bill of exceptions, it shows that the defendant in error had procured a ticket to Collins and had it in the money drawer of his hotel; that he had taken it out of the drawer and was leaving the hotel when he made the declaration respecting his destination. From those circumstances we think it fair to infer that he was at the time departing *31 on his proposed journey; but whether he was or not, as there are other grounds upon which the judgment of reversal should be affirmed, it is quite proper, at this time, to declare the true rule respecting this evidence, as the death of the defendant in error in all probability makes this declaration the only evidence now attainable of the intent with which he left the hotel on the morning of the accident.
The defendant in error also read in evidence the deposition of W. O. Eoldger, who testified as follows:
“I was walking towards the west end of the depot, my back to the engine, to cross the track diagonally, when I heard the call, and turned my head, the engine was then right behind me,” being the same by which the plaintiff was then and there injured. And the plaintiff’s attorney then asked the witness in said deposition, “State whether or not you saw other persons who were in danger of being run over by it?” to which the witness answered, “there were people crossing till the engine was right there, and some one hallooed. I saw no one hit except the plaintiff;” to which question and answer the defendant objected, and the court sustained the objection and ruled out said question and ánswer from the deposition, and the same were not read in evidence to the jury, to which ruling .of the court the plaintiff then and there excepted.
The condition of the crossing at the time of the accident was material; was it thronged with people or otherwise ? The train might not have been chargeable with carelessness even though it came into the station at a high rate of speed, if the defendant in error alone, or with only a few others were there, while it might be careless, or even reckless, to dash in at the same rate, among a crowd of people who might jostle against and impede each other in their struggles to escape. The question was subject to the criticism that it called for an opinion of the witness, as to whether there were “other persons who were in danger of being run over by it,” but the answer was free from that objection ; it was limited to matter of fact. “ There were people crossing till the engine was right there, and some one hallooed. I «aw no one hit except the defendant.” This answer was competent evi *32 dence, and should have gone to the jury ; it not only tended to establish negligence in the running and management of the train, but also had some tendency to refute the charge of contributory negligence, by establishing the existence of conditions at the time likely to create panic and confusion, if, as claimed, the rapidly moving train came suddenly and unexpectedly upon the crowd of people at the crossing, thereby causing the choice of means of escape more difficult and perplexing.
The other testimony excluded from the jury is not of sufficient importance to require special notice; most, if not all of it, was immaterial, or came within the well settled rules of the books, that exclude hearsay evidence. If there was any that did not in its own nature fall within either of these two classes, the bill of exceptions is too meager to disclose its materiality, and its exclusion, therefore, was not' erroneous.
'The only remaining question relates to the admissibility of the ordinance of the village of Norwalk prescribing the maximum rate of speed at which trains may be run through the village. The Railway Company was not charged with running its train at this time at a greater rate of speed than the ordinance permitted; no issue of the kind was made up; there was not a word in any of the pleadings to indicate, even, that the village of Norwalk had ever adopted an ordinance on this subject. In what manner, therefore, the ordinance could enlighten the jury respecting the issues on trial before them is not shown by an examination of the pleadings alone. Surely the plaintiff in error could not justify dashing its train, regardless of consequences, if it did so, into a crowd of people crossing its track because its rate of speed at the time was within the limits prescribed by ordinance. If such use of the evidence can be supposed to have been attempted, we must presume that the court properly limited its operation in the charge given to the jury, or would have done so upon request of the other party if made at the proper time.
It was not error, however, to admit the ordinance in evidence if it was competent for any purpose. The pleadings, as before stated, do not mention it, and the bill of exceptions *33 is very meager, yet, enough can be gathered from it to disclose that a controversy arose during the trial as to the rate of speed at which the train, before it reached the station, passed through the village of Norwalk, though nothing appears to show the distance it ran within the corporate limits; the plaintiff in the common pleas court contending that the train ran through the village at a rate exceeding fifteen miles an hour, the defendant on the contrary claiming that the rate of speed was less than that. In this connection it is at least conceivable, if not apparent, that it might have been material for the Railway Company to show that, in passing through the village, and before it approached the station near enough to enable its employes to see the condition of the crossing, the train did not move at an unlawful rate of speecj, which would render its management and control more difficult when the danger at the crossing was discovered. We can not say, therefore, that the court erred in admitting the ordinance in evidence.

Judgment affirmed.

DicicmaN and Spear, JJ., dissent from the judgment of affirmance.