# Jane Settle *vs.* Joab Henson.

### *Error to Desmoines.*

The action of forcible entry and detainer, is not the proper action for trying titles of any description, the facts of actual possession by the complainant, and forcible entry, or forcible detainer, or both, by the defendant, are sufficient to determine the verdict.

Holding over, wilfully and with force, contrary to the terms of a lease, subjects the offender to this action, but in that case, the title cannot come in question, for the tenant is not permitted to dispute the title of his landlord.

The first class of cases are in the nature of penal actions, and can only be instituted by him, whose possession has been disturbed, and not by his assignee.

This was an action of forcible entry and detainer, brought by Settle against Henson, in the District Court for Desmoines county. From the bill of exceptions filed in the case, it appears that at the time the action was instituted, the defendant was in possession of the land set forth in the complaint—that he had been duly notified by the plaintiff to quit possession. It also appeared that the plaintiff had purchased the lands of the United States, in October 1839, which was prior to the institution of the suit.

The defendant then proved that at the time the lands were thus purchased of the United States, one James Clark had possession thereof. It further appeared by one of the plaintiff's witnesses, that the defendant, when notified to quit, assigned as a reason for not doing so, that he had rented of Clark.

Thereupon the court instructed the jury, that the entry upon and occupancy of the unsold lands, belonging to the U. States, did not make the occupant guilty of forcible entry and detainer, in an action by the subsequent purchaser; that under the plea of not guilty, such defendant might set up such previous occupancy against the claim of said plaintiff; and that if the jury should believe from the evidence that said defendant had rented the land in dispute, of the said James Clark, and that said Clark was in possession of the same, previous to and at the time of such purchase by said plaintiff, although such lease was made subsequent to the purchase of the land by the plaintiff from the United States, that they must find for the defendent; to which several instructions the counsel for the plaintiff excepted.

The jury found a verdict for the defendant ; a motion was then made for a new trial and overruled, whereupon judgment was rendered for the defendant, and the plaintiff brought the case here for reversal.

The errors assigned point entirely to the above instructions of the court.

BROWNING, for plaintiff in error.

RORER, for defendant in error.

BY THE COURT, MASON, CHEIF JUSTICE.—This was an action of forcible entry and detainer, which the counsel for the plaintiff has seemed to regard as an action of right, and has contended that the titles of the parties were to be enquired into, as decisive of the question.

This position is wholly untenable. This is not the proper action for trying titles of any description. A person may render himself liable for a forcible entry and detainer, by entering upon his own property, even when he has the right to immediate possession. The first and second sections of the statute, on this subjec, (Laws of 1838-9, page 217,) in defining the nature of the offence for which this action may be brought, make no allusion to any species of title. It is simply the manner of entering upon, and holding the property, which creates the liability. It is only necessary for the complainant to show, that he was actually in possession, and that the defendant either forcibly entered, or forcibly detained possession, or both, and his action will, in all cases be sustained, whoever may have the title to the property, or the right of possession thereto.

There is another class of cases, in which an action of the same form will be sustainable. These are defined in the eighth section of the statute above referred to, and consist of those cases were tenants wilfully and with force, hold over contrary to the terms of their lease. But neither in these cases can there be any trial of the right of property, or of possession, except merely by enquiring into the terms of the lease, to ascertain whether there has been a holding over. The tenant is not permitted to dispute the title of his landlord. Almost the same rule in this respect prevailes here, therefore, as in the cases first above mentioned.

In regard to the first class of cases, the proceedings are in the nature of a penal action. The offending party may be punished by fine. The case at bar must fall within this class, for there is no pretence that the defendant was the tenant of the complainant, or of the United

States, under whom she claimed. Under these circumstances it was incumbent on the complainant to show, that she was in posses sion at the time of the entry, of which she complains. As she had never been in possession, she will be driven to an action of a different form, in order to vindicate her rights. Clark, and those claiming under him, held the land at the time she acquired her title, and from that time till the commencement of this suit. *She* could not therefore institute the action. They claimed the right of possession, and this could not be enquired into in the action of forcible entry and detainer, nor in that of forcible detainer only. These actions are intended as summary remedies, to restore possession which has been irregularly molested, or where there has been a holding over, in flagrant violation of the terms of a lease, but can never be made a substitute for the action of right. The instructions and decisions of the court below, were in perfect accordance with these views. The complainant was clearly unable to sustain this action, and the judgment of the District Court will therefore be affirmed.