STEPHENS *et al.* v. McCloy.

1. **Evidence:** DECLARATIONS. The declarations of a party entering upon land for the purpose of making a survey thereof, respecting his intentions in regard to the property and the purpose for which the survey was being made, are admissible as part of the *res gestae* to show that the entry was with the intent to take possession of the land.

2. **Forcible entry and detainer:** EVIDENCE. In this action the question of title is in no way involved, and evidence thereof is inadmissible.

*Appeal from Jackson Circuit Court.*

THURSDAY, JUNE 19.

ACTION of forcible entry and detainer. The plaintiffs allege in their petition that on the 4th day of October, 1871, and for a long time prior thereto, they were in possession of the land described in their petition, and that the defendant by force, fraud, intimidation and stealth, entered upon such real estate and took possession of it, and ousted plaintiffs of their actual possession. The defendant denies all these allegations and states that he is entitled to the possession of the said premises; that he came into such possession in 1848, and that he has not surrendered it to any one. In the justice's court the cause was tried by a jury and a verdict was returned for the plaintiffs.

Upon appeal the cause was tried by the court, and a judgment was rendered for the defendant.

Plaintiffs appeal. The facts appear in the opinion.

*Amos & Fletcher* for the appellants.

*Charles Rich* for the appellee.

DAY, J. — I. The land in controversy is two small lots included in the west fraction one-half of the N. W. $\frac{1}{4}$ of section 30, township 84, range 3, which lies contiguous to the city of Maquoketa in Jackson county. The plaintiffs sought to establish their actual possession of the tracts in dispute, in part by showing a survey of the fractional eighty, which includes them, prior to the act of defendant complained of. From the evidence it appears that the plaintiffs caused two surveys of said eighty to be made. The first, for the determination of the boundaries of the tract, was made from the 1st to the 10th of May, 1871. The second, laying the tract off in lots and blocks, was made on the 15th, 16th and 18th of May.

One Seaborn S. Moore, who was present at both surveys and assisted in making them, was introduced by plaintiff, and asked the following question : " What, if any, declarations were made by plaintiffs at the time of said survey, with reference to their intentions regarding the property, and the object for which said survey was made ? "

This was objected to by defendant as immaterial and incompetent, and the objection was sustained. This ruling plaintiffs assign as error.

In *Langworthy* v. *Myers*, 4 Iowa, 18 (42), after a full review of the authorities, the following principles are declared : First. There may be possession in fact of unimproved land ; and it is not essential to such actual possession that the premises should be surrounded by a fence or built upon. Second. An entry upon land with the intention of clearing it for cultivation or of exercising over it such acts of ownership as are usually exercised by owners over land on which they do not reside, is such an entry as that a jury may infer from it actual possession. Third. One who enters upon land, no part of which is held adversely at the time of the entry, intending to take possession of the whole tract, is in possession to the extent of his claim. And upon page 41 of the same opinion it is said : " It is the intention with which the acts are done that gives them their character. If done with no intention of acquiring possession they did not give the plaintiff possession." It is conceded that proof of the making of the survey is proper. But the effect to be given to that act depends, as above stated, upon the intention with which it was done. The question rejected seeks to elicit the declarations made by the plaintiffs, at the time of making the survey, respecting the object for which the survey was being made. An answer responsive to this question would have been admissible as part of the *res gestœ*. Such declarations are those made at the time of the act done, and which are calculated to unfold its nature and quality. 1 Greenleaf on Evidence, § 108, n. 2. " Where a person enters into land in order to take advantage of a forfeiture, to foreclose a mortgage, to defeat a disseizin, or the like ; or changes his actual

residence, or domicile, or is upon a journey, or leaves his home, or returns thither, or remains abroad, or secretes himself; or, in fine, does any other act material to be understood, his declarations made at the time of the transaction, and experience of its character, motive, or object, are regarded as ' verbal acts indicating a present purpose and intention,' and are therefore admitted in proof like any other material facts." Ib.

Within the principle of these illustrations the evidence sought to be introduced clearly falls. In rejecting it, the court, we think, erred.

II. For the purpose of establishing his possession, the defendant offered in evidence a patent from the United States to himself. Plaintiffs objected to this because incompetent, immaterial, irrelevant and tending to prove title. The objection was overruled, and the evidence was admitted. This action is assigned as error. The action of forcible entry and detainer is allowable "where the defendant has, by force or intimidation, or fraud or stealth, entered upon the prior actual possession of another in regard to real property, and detained the same." Rev., § 3952. "The question of title cannot be investigated in this action." Rev., § 3961. "A person may render himself liable for a forcible entry and detainer by entering upon his own property, even when he has the right to immediate possession." *Little* v. *Henson*, Mor. 111; *Lorimier & Waller* v. *Lewis*, id. 253. Defendant claims that the patent was introduced and admitted for the purpose of establishing, not title, but possession, upon the ground that title draws after it the possession of land not in the adverse possession of another. But in such cases possession is a mere inference from the title. Before this inference can be drawn the fact from which it is deduced, title must be proved. If the defendant could introduce his patent for the purpose of authorizing the inference of title, the plaintiff must be allowed to show that the government had annulled the patent, or that the defendant had aliened the lands it describes, or any other fact tending to disprove title in defendant and to rebut the inference sought to be drawn therefrom; so that thus the whole question of title

would become involved and be investigated in an action in which the statute declares no question of title shall be considered. Defendant further urges that the evidence was admitted merely to prove possession, and that if it did not tend to prove such fact it was inoperative, and plaintiff sustained no prejudice therefrom. But the court admitted it to establish possession, and we must presume that he allowed it some weight in effectuating the purpose for which it was offered and received. In allowing this evidence the court also erred.

And for the same reason the court erred in admitting certain tax receipts offered in evidence by defendant. These receipts were for taxes paid by one McDougal for the years 1869, 1870 and 1871, upon lots 4, 5, 6 and 2 in block 15, on McBride and Teming's map, which lots are shown to be the same as the land described in the petition. The defendant testified that he once sold these lots to McDougal, that McDougal did not pay for them, and that he took them back. If these receipts had any materiality at all, it was only because they tended to establish title in defendant, and for that purpose they were inadmissible. The same view is applicable to the deed of the sheriff of Jackson county to Jewett, Tebbetts & Co., which defendant introduced.

The plaintiff was allowed to introduce a quit-claim deed from Jewett, Tebbetts & Co. to N. P. Allen, one of the plaintiffs, embracing the lands described in the petition. The correctness of this ruling is not now before us. Defendant claims that it was competent for him to rebut this testimony by showing that the sheriff's deed to Jewett, Tebbetts & Co. excepted the tracts in petition described. It needs neither argument nor illustration to show that this line of testimony opened up directly the investigation of a question of title.

We have thus considered all the errors assigned except that the verdict is against the evidence, and this it is now necessary that we should examine.

Reversed.