RICHARD D. RUDOLPH, Appellant, v. GLEN DAVIS et ux., Appellees.

No. 46933.

1384

DECEMBER 17, 1946.

Rudolph & Rudolph and Dalton & Dalton, all of Atlantic, for appellant.

Jones, Cambridge & Carl, of Atlantic, for appellees.

HALE, J.—The facts in this case are not in dispute. The plaintiff-appellant, Richard D. Rudolph, in a former action brought by Glen Davis and Carrie Davis (defendants-appellees in the present action) was decreed to be the owner of the farm in controversy. The petition in that case, Davis v. Wilson, was filed May 18, 1944. Judgment and decree was rendered February 10, 1945. The case was appealed to this court by Glen and Carrie Davis, who filed a supersedeas bond, approved by the clerk, and continued to occupy the farm. The decree of the district court, as to Rudolph's ownership of the farm, was affirmed by this court on February 5, 1946. See Davis v. Wilson, 237 Iowa 494, 21 N. W. 2d 553. A petition of the Davises for rehearing was denied on April 8, 1946, and procedendo filed with the clerk of the district court on April 9, 1946.

While the litigation was pending, on August 25, 1944, one

C. D. Emmert was appointed receiver and the record does not show that he has ever been discharged. On May 1, 1945, the receiver entered into a lease of the property in controversy to said Glen and Carrie Davis, to terminate March 1, 1946. The receiver never, at any time, gave the lessees any notice to terminate the lease or notice to quit. However, on October 26, 1945, while the former litigation was still pending, Rudolph served upon the Davises a notice to terminate the lease on March 1, 1946, as required by sections 562.6 and 562.7, Code of 1946 (sections 10161 and 10162, Code of 1939). He did not serve any notice to quit during March, but did serve the three-day notice on April 9, 1946, the day when the procedendo was filed after the rehearing was denied.

Following this service of notice the plaintiff, Rudolph, began the present action, and on April 13, 1946, filed his petition in the action, reciting, among other statements, the service of notice on October 26, 1945, and asking decree of removal; and later, on April 24, 1946, filed an amendment to his petition, referring to the history of the previous litigation. The defendants thereupon filed motion to dismiss and alternative motion to strike, the grounds of which motion to dismiss, as amended, were: no notice by the receiver of termination of lease or to quit; no showing of any order of court authorizing any such notices; no allegation of any discharge of receiver; no allegation of any assignment of the lease or any authority to assign; no allegation of delivery of possession by the receiver to Rudolph or any authority to deliver possession; that it affirmatively appears defendants had peaceable possession of the real estate for thirty days after March 1, 1946; that the petition shows plaintiff, by his own acts, recognized the defendants as being in lawful possession of the real estate.

The court thereupon, on May 2, 1946, entered order, judgment, and decree sustaining defendants' motion to dismiss, and stated, in its finding and order therefor, that defendants had been in peaceable possession since March 1, 1946, until the service of the notice (to quit) on April 9, 1946, and that under section 12279, Code of 1939 (section 648.18, Code of 1946) thirty days' peaceable possession with the knowledge of plaintiff was a bar to the proceeding.

On May 7, 1946, plaintiff filed an amendment to his petition, and on May 9th, a motion asking permission to plead over, to which resistance was filed. Later, on May 15th, he filed an amendment to the prayer of his petition. This motion, with resistance thereto, was determined by the court on May 15th, and ruling and order entered overruling the same. Plaintiff, Rudolph, appeals from the order sustaining defendants' motion to dismiss plaintiff's petition and from the order dismissing it and from the order overruling his motion for permission to plead over.

I. Appellant argues that the court was in error in holding that the cause of action accrued March 1, 1946, and was barred in thirty days thereafter under section 648.18, Code of 1946 (section 12279, Code of 1939), as supersedeas prevented him from maintaining an action for possession until April 9, 1946. He cites various authorities.

As stated, the court, in ruling upon the motion to dismiss, while it sustained the motion generally, gave as a reason appellees' peaceable possession for thirty days after March 1st. We do not agree with the ruling of the district court or the reason assigned therefor. The mere fact that appellees retained possession of the farm did not constitute peaceable possession. The occupancy of the appellees could not be held to be peaceable. There was the constant claim by both the appellant and appellees, asserting the right to the possession and occupancy. Peaceable possession means undisputed or uncontested possession. Crosbie v. National Bank of Commerce, 86 Okla. 174, 207 P. 311, and cases cited; Southern Ry. Co. v. Hall, 145 Ala. 224, 41 So. 135, and cases cited therein. The property was in the hands of the receiver so far as and no further than the litigation required, but the mere occupancy of appellees in this case pending litigation would not be considered peaceable possession.

We recognize the rule, of course, that this court is not bound by the decision of the district court as to the reason prompting its ruling. If there was a valid reason for the action of the district court, and such reason was in issue there, it is not material what the grounds stated in its order were, since it is for us to determine whether there is any ground raised below on which the court's decision should be sustained. But we must first determine the rights of the parties to the former litigation,

since our decision in this case must largely depend upon the position that the receiver occupies in his relation to the farm.

■ II. We have noted that it was during the progress of the litigation that the receiver was appointed on August 25, 1944. He could have been appointed for no other purpose than to preserve the property during the progress of the litigation. He was not the agent of either party but was acting for and under the orders of the court.

The powers of a receiver pendente lite cannot extend beyond the authority granted him by the court. The lease in question, which was dated the first day of May 1945, extended only to the first day of March 1946. The lease itself contained no provision for a renewal. Such renewal, if there could be one, must be by virtue of the provision of the statute, section 562.6, Code of 1946 (section 10161, Code of 1939), providing for continuance for the following year on the original terms unless notice is served before November 1st of the current year. But this was not a lease between landlord and tenant. It was an authorized lease between the receiver and the person in possession, and the authority of the receiver extended no further than the lease approved by the court. In this case the court would have exceeded its statutory powers to authorize the receiver to lease the property beyond the termination of the litigation except in certain exceptional cases. Section 680.1, Code of 1946 (section 12713, Code of 1939) provides for the appointment of a receiver in civil actions:

"* * * on such notice to the adverse party as the court or judge shall prescribe, the court, or, in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly infringed, may appoint a receiver to take charge of and control such property under its direction during the pendency of the action, and may order and coerce the delivery of it to him."

Thus, the power of the court to appoint, in such actions as this, extends only to its power to appoint a receiver to act during the pendency of the action. The case of Davis v. Wilson was pending at the time of the appointment of the receiver and was still pending on February 10, 1945. It was pending on Febru-

ary 5, 1946, for the purpose of appeal, but it was terminated on April 8th, when a petition for rehearing was denied.

Generally a receiver cannot enter into contracts binding the estate in receivership to performance extending in time beyond the duration of the receivership.

"It is in the power of the court to close up a receivership at any time, and the exercise of this discretion is not to be hampered by such a contract of the receiver extending engagements for stated periods." 45 Am. Jur. 174, 175, section 224, citing First Nat. Bk. v. White Ash Coal Co., 188 Iowa 1227, 176 N. W. 287, 12 A. L. R. 286.

Such receiver must continue, of course, until his accounting and discharge. But when, as in this case, the ownership of the property in litigation has been completely determined and no necessity exists for him to further hold it for the purpose of preservation, the adjudged owner is entitled to possession and there can be no legal or equitable reason for the receiver further to administer the receivership property, nor is there any reason in this case for the court to authorize further holding of the property in receivership. Of course, the receivership may not terminate automatically with the close of the litigation in the case for which the receiver was appointed. In 53 C. J. 161, 162, section 204, in regard to leases made by a receiver, it is stated:

"But the court by which a receiver has been appointed may authorize him to make or take a lease when it is for the best interests of the estate so to do, and its power so to do is not confined to leases for a term not to extend beyond the termination of the receivership, for the receivership suit might be ended at any time by a compromise or other arrangement, and, therefore, to limit the power of the court in the premises to the duration of the suit would be, in effect, to deny the existence of the power. Accordingly, the termination of the receivership does not affect the validity of an unexpired lease duly made by the receiver. It has been pointed out, however, that a court in authorizing its receiver to lease property in his custody should act with great circumspection, and see to it that the lease is

not given for such a period of time as will needlessly prolong the litigation or endanger the rights of any parties thereto, and in a proper case may and should reserve to itself the power to cancel the lease whenever deemed expedient * * *.''

So there are circumstances when the preservation of the property requires that a lease might be made for a given time, and which might be valid in event of sudden termination of litigation, but there are no such circumstances in this case.

Our farm leases ordinarily run from March 1st to March 1st. There would be no authority of law for the court to authorize a receiver, when the litigation was practically terminated, to continue the lease for an indefinite period or for a year longer than the original lease provided. Here the tenants were fully aware that prior to the first of March the district and supreme courts had ruled against them in the original case. The district court had not been asked to approve a lease for the crop year of 1946, nor had the receiver asked for such approval, and, so far as the record shows, did not indicate any intention of leasing the property for that period. Therefore, though the case may be said to have been pending until the last word of the supreme court, when it refused the rehearing on April 8th, the district court should not, and, in the exercise of sound discretion would not, under those circumstances, have authorized the receiver to continue the lease. We cannot think that the provisions of the statute, section 562.6, Code of 1946· (section 10161, Code of 1939), can apply to a case such as this, where each party, as well as the receiver, knows that the right of possession may be terminated at any time and the party now in possession must know that he holds under an uncertain right. Therefore, we cannot hold that the original lease was renewed by process of law.

III. But, in any event, were the appellees, under the statute, entitled to an extension through 1946? We have noted that on October 26, 1945, Rudolph served a notice to terminate the lease on March 1st following. The statute providing for such notice is section 562.7, Code of 1946 (section 10162, Code of 1939). Service may be effected in various ways, one method being a service on either party on or before November 1st by a person in behalf of the other party, in the same manner as

original notices are served. As to the service by the owner: Rudolph, by decree of the district court, was the owner. The litigation was not finally ended until the denial of a rehearing, but the termination of the litigation now shows that the notice was served by or on behalf of the true owner, who, by the holding of the district court and this court, is not only now but at all times during the litigation, as it now appears, actually was the holder of the title. The receiver was not the holder of the title. 53 C. J. 93, 94, section 117. Therefore, as the statute requires, the notice was given by the proper person, and the tenant was duly apprised that the landlord, if it transpired that Rudolph was the landlord, would not execute a lease for the ensuing year. The purpose of the statute seems to be that the notice is to convey such information. That is, that the owner would not rent the premises for the following crop year. Several times recently we have passed upon this subject and the purpose and object of the notice.

It is held that under sections 562.6 and 562.7, Code of 1946 (sections 10161 and 10162, Code of 1939), this notice is not process nor is it jurisdictional. See North v. Kinney, 231 Iowa 951, 2 N. W. 2d 407; Welch v. Keeran, 233 Iowa 499, 504, 7 N. W. 2d 809, 811. "Its purpose was simply to notify the tenant of the fact that the landlord did not intend to renew the lease." Welch v. Keeran, supra. This being the purpose, the tenant in this case being also the claimant of the land in the former case, and, knowing that in the event of a final verdict in favor of Rudolph he could not remain a tenant, was possessed of the information that the statute required and the purpose of the notice was fulfilled. See, also, In re Bergin, 8: Cir., Iowa, 55 F. Supp. 32.

It is apparent that the court was in error in its ruling, since under the record in this case it is shown that the right of possession was in appellant and he was entitled to immediate possession.

Finding as we do for appellant it is unnecessary to review other alleged errors urged by him. It is therefore ordered that the ruling of the trial court is reversed and that this cause is remanded to the district court of Cass county for such further

proceedings and disposition as may be necessary.—Reversed and remanded with directions.

GARFIELD, C. J., and OLIVER, BLISS, WENNERSTRUM, SMITH, MULRONEY, and HAYS, JJ., concur.

MANTZ, J., takes no part.