R. D. RUDOLPH, Appellee, v. GLEN DAVIS et ux., Appellants.

No. 47164.

(Reported in 30 N. W. 2d 484)

JANUARY 13, 1948.

REHEARING DENIED MARCH 12, 1948.

Jones, Cambridge & Carl, of Atlantic, for appellants.

Rudolph & Rudolph and Dalton & Dalton, all of Atlantic, and Paul W. Richards, of Red Oak, for appellee.

HAYS, J.—This case has previously been before this court upon an appeal from an order sustaining defendant's motion to dismiss. On that appeal, Rudolph v. Davis, 237 Iowa 1383, 25 N. W. 2d 332, we reversed this order and remanded the case for further hearing. Upon further hearing, the trial court entered a decree granting plaintiff possession and from this decree defendants have appealed.

While in the prior appeal, supra, the facts are set forth at length, we briefly restate them. The Davises originally owned this land and were in possession. All of the land was mortgaged. One mortgage on two hundred acres was foreclosed and a sheriff's deed taken by the mortagee. At about the same time two other tracts, consisting of sixty-four acres and eighty acres—the three tracts comprising the entire farm of three hundred forty-four acres—were conveyed by warranty deed by Davis to one Wilson, who held the mortgages thereon. At about the same time Wilson purchased the two hundred acres from the holder of the sheriff's deed. There was some arrangement between Wilson and Davis, who was still in possession, whereby Davis paid a stated sum annually to Wilson. This was about equivalent to interest on Wilson's investment but it is claimed by Wilson to be rental. Thereafter Wilson conveyed the entire tract to Rudolph, plaintiff herein. Shortly thereafter Davis commenced an action against Wilson and Rudolph claiming ownership and alleging that Wilson held the deeds merely as security for the purchase price. Upon appeal to this court we held in that case, Davis v. Wilson, 237 Iowa 494, 21 N. W. 2d 553, that as between Wilson and Davis the title was taken as security, including the two-hundred-acre tract, by an arrangement whereby Wilson purchased for Davis. However, as between Davis and Rudolph, title was held to be in Rudolph, he

being an innocent purchaser without notice of the Davis equities. During this litigation, a receiver was appointed for the property, and a lease was executed between the receiver and Davis to terminate March 1, 1946. In October 1945 Rudolph gave notice of termination of the lease on March 1, 1946, under sections 562.6 and 562.7, Code, 1946. On April 9, 1946, the prior appeal was finally ended and on this date Rudolph served a three-days' notice to quit. On April 13, 1946, this action was commenced. Several amendments were filed to the petition. Thereafter defendants filed a motion to dismiss, which was sustained by the trial court. Upon appeal to this court we held, in Rudolph v. Davis, 237 Iowa 1383, 25 N. W. 2d 332, that under the record it is shown that right of possession was in plaintiff and he was entitled to immediate possession. The cause was reversed and remanded for such further proceedings as were necessary. This was upon December 17, 1946.

Thereafter, on January 21, 1947, defendants answered and after numerous amendments thereto the matter was tried and a decree entered adjudging plaintiff to be entitled to immediate possession and ordering execution to issue. From this decree the present appeal was taken by defendants. While this case was pending in the lower court, Davis filed an application for a new trial in the original case of Davis v. Wilson, supra, which motion was overruled and which matter is now before this court on appeal by Davis. The question involved therein is as to the title to the real estate. In Davis v. Wilson, 239 Iowa 337, 30 N. W. 2d 487, we affirmed the lower court.

In the instant appeal appellants urge three propositions as a basis for reversal: (1) The forcible entry and detainer statute should be strictly construed. (2) Plaintiff has not proven a case that falls within any of the grounds set out in section 648.1, Code, 1946. (3) Plaintiff's proper procedure would have been an action of right, which is an action at law, and the proceedings here cannot be interpreted to be proof under such action. Stated in another way, on this appeal appellants do not claim that appellee is not entitled to possession but claims that his remedy is by an action of right and not by forcible entry and detainer; and this for the reason that there was no lease, Rudolph was never in possession, and

the relation of landlord and tenant did not exist; that the statute conferring jurisdiction must be strictly construed.

█ I. That the statute must be strictly construed: the authorities generally are not in accord on this question, and in our own we find what appears to be conflict. In Fritch & Himes v. Reynolds, 189 Iowa 16, 176 N. W. 297, which is relied upon by appellants, we state that forcible entry and detainer is a drastic remedy and the statute conferring the right thereto will be given strict construction. In the later case of Ashpole v. Delaney, 217 Iowa 792, 794, 253 N. W. 30, 31, we say:

"In interpreting the statute in question [forcible entry and detainer] * * * we must give it a liberal construction with a view to promote its object. The object * * * is to enable a person entitled to the possession of real estate to obtain such possession from *anyone* illegally in the possession of same." (Italics added.)

In Putnam v. McClain, 198 Iowa 287, 199 N. W. 261, and Cassiday v. Adamson, 208 Iowa 417, 224 N. W. 508, a liberal construction was adopted. In order to avoid possible confusion we now hold the rule of liberal construction as stated in Ashpole v. Delaney shall apply in interpreting chapter 648, Code, 1946. See, also, section 4.2, Code, 1946.

█ II. Appellants' second alleged error is that the facts in the case do not come within the provisions of the statute, section 648.1, Code, 1946. Forcible entry and detainer does not involve title nòr *the right to possession*. However, this question is not raised by appellants and has been determined in the former appeal of this case. The only question involved is whether the defendant is wrongfully detaining possession at the time of trial. See Rasmussen v. Alberts, 215 Iowa 644, 246 N. W. 620.

█ There can be no question but that under the record appellants' original possession was that of owner. Thereafter, so far as Rudolph is concerned, that relationship terminated by the sheriff's deed and the two warranty deeds to Wilson. Presumptively the possession of appellants was that of tenant under Wilson. The sale by Wilson to Rudolph would be subject

to such tenancy. During the litigation in the case of Davis v. Wilson, supra, appellants' possession was that of a tenant under the lease with the receiver. The receivership terminated with the holding by this court that Rudolph was the owner. There is nothing in any of the decisions in this long series of litigation which in any way warrants a holding that upon termination of the tenancy under the receiver's lease, appellants assumed any other status than that of a tenant. Under the rule of liberal construction, and in accord with the authorities herein cited, we hold that appellee has established facts sufficient to entitle him to the benefits of chapter 648, Code, 1946.

III. Appellants' third assigned error is that the proper action is an action of right, not forcible entry and detainer. Appellants, after answer, moved to have the matter transferred to law and tried as an action of right. This motion was overruled as having been filed too late, under section 611.12, Code, 1946. In Putnam v. McClain, 198 Iowa 287, 291, 199 N. W. 261, 262, where the same question was raised as is here presented, we said:

"Appellant is holding over after the termination of the contract, and contrary to its terms. She had no right to the possession at the time this action was begun. We see no reason for compelling appellee to resort to an action of right, and thus delay proceedings and permit appellant to continue in possession perhaps for a considerable time without paying rent, and after her right to possession has fully terminated."

This statement applies equally to the instant case.

We find no error and the decree of the trial court should be and is affirmed.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, HALE, GARFIELD, MANTZ, and SMITH, JJ., concur.