Judgment rendered August 14, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,763-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

JEFFREY BRADFORD                            Appellant

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Jackson, Louisiana
Trial Court No. 47,841

Honorable Don C. Burns, Judge Ad Hoc

* * * * *

LOUISIANA APPELLATE PROJECT                 Counsel for Appellant
By: Carey J. Ellis, III

DANIEL W. NEWELL                            Counsel for Appellee
District Attorney

DARRELL ROBERT AVERY
TERESA CULPEPPER CARROLL
Assistant District Attorneys

* * * * *

Before GARRETT, COX, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises from the Second Judicial District Court, Parish of Jackson, State of Louisiana. The defendant, Jeffrey Bradford, pled guilty to two counts of attempted second degree murder and one count of attempt to disarm a peace officer. He was sentenced to 24 years' imprisonment at hard labor on each of the two convictions for attempted second degree murder, and 2½ years' imprisonment on the conviction for attempt to disarm a peace officer, to be served concurrently. Bradford now appeals. His appellate counsel has filed a motion to withdraw, together with a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), alleging that there are no nonfrivolous issues upon which to base the appeal. For the following reasons, appellate counsel's motion to withdraw is granted and Bradford's conviction and sentence, as amended, are affirmed.

## FACTS

Bradford was charged by bill of information with three counts of attempted second degree murder, in violation of La. R.S. 14:30.1 and 14:27, and one count of attempt to disarm a peace officer, in violation of La. R.S. 34.6 and 14:27. On August 20, 2018, Bradford entered a guilty plea, under *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to two counts of attempted second degree murder and one count of attempt to disarm a peace officer.[1] As a factual basis for the plea, the state noted that on May 3, 2016, Quintin Bradford and Willie Banks arrived in a vehicle at Bradford's home, at which time Bradford pulled a pistol and fired

---

[1] Count Two, the attempted second degree murder of Constance Bradford, was *nolle prossed*.

into the passenger side window and front windshield of the vehicle. Willie was able to escape uninjured, but Quintin was shot in the leg, nearly bled to death at the scene, and eventually had to have the injured leg amputated. Two police officers saw the shooting and attempted to apprehend Bradford. The Chief of Police arrived within minutes and was attacked by Bradford. Bradford attempted to take the Chief's drawn weapon but was ultimately subdued and arrested.

On August 23, 2018, prior to sentencing, Bradford filed a motion to withdraw his plea, arguing that while the state's evidence could not be rebutted at the time of his guilty plea, he had recently discovered exculpatory evidence and wished to withdraw his guilty plea. Bradford argued he was unaware of two new witnesses prior to entering his guilty plea and he would not have entered a guilty plea had he known of their existence.

A hearing on the motion was held on October 10, 2018, wherein the trial court heard the testimony of those two witnesses, Takela Bradford and James Culpepper. Takela, Bradford's sister-in-law, testified that she was not present at the time of the shooting and could not offer any testimony regarding the shooting, only the events from the days following the shooting. James, who has known Bradford since childhood, testified that he was working on a vehicle across the street from Bradford's house at the time of the shooting. James stated he observed Bradford and a woman, whom he believed to be Bradford's sister, arguing in the yard. The woman pushed Bradford and Bradford fired a gun into the ground twice. James testified that the woman refused to leave, even after the gunshots and being repeatedly told to leave. He stated two men arrived in a vehicle and that one of the men appeared to have a weapon, but he could not say for certain as he

2

could only see the men through the back windshield. James believed Bradford shot into the vehicle to defend himself, although he admitted that no shots were fired by the men in the vehicle. James acknowledged seeing police at the scene but testified that he did not make a statement at that time.

The trial court denied Bradford's motion to withdraw his guilty plea, finding he had a clear understanding of the charges against him and of his rights at the time of his guilty plea and he knowingly and willingly waived his rights with no misunderstanding. The trial court noted the testimony of the two new witnesses had been carefully considered but neither witness testified to anything that would have significantly altered the outcome of the case had there been a trial.

On October 10, 2018, in accordance with his plea agreement, Bradford was sentenced to 24 years' imprisonment at hard labor on each of the two convictions for attempted second degree murder and 2½ years' imprisonment on the conviction for attempt to disarm a peace officer, to be served concurrently. This appeal by Bradford ensued.

Bradford's appellate counsel has filed with this court a motion to withdraw and an *Anders* brief asserting that after a thorough review of the entire record, no nonfrivolous issues remained for appeal. See *Anders, supra; State v. Jyles*, 1996-2669 (La. 12/12/97), 704 So. 2d 241; *State v. Mouton*, 1995-0981 (La. 4/28/95), 653 So. 2d 1176. The brief outlines the procedural history of the case and a statement of the facts of the case, and contains a detailed and reviewable assessment for both the defendant and this court regarding whether the appeal is worth pursuing. Appellate counsel verified he mailed copies of the motion to withdraw and his brief to Bradford. This court held the motion to withdraw in abeyance and allowed

3

Bradford 30 days within which to file a *pro se* brief, which he has not done, and any forthcoming brief would be untimely and, therefore, would not be considered by this court. The state filed a response requesting Bradford's convictions and sentences be affirmed.

## DISCUSSION

A review of the record discloses no nonfrivolous issues and no arguments or rulings which arguably support an appeal. The record shows that Bradford's plea of guilty waived all nonjurisdictional defects in the proceedings prior to the plea. *State v. McGarr*, 52,641, 52,642 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1189; *State v. Stephan*, 38,612 (La. App. 2 Cir. 8/18/04), 880 So. 2d 201. Furthermore, under La. C. Cr. P. art. 881.2, Bradford is barred from seeking appellate review of his sentence as it was imposed in conformity with a plea agreement which was set forth in the record at the time of his plea. A review of Bradford's motion to withdraw his guilty plea as well as the hearing and evidence adduced therein discloses no error in the trial court's denial of that motion.

### *Error Patent Review*

Our review reveals that the trial court failed to impose: (1) the sentence on the conviction for attempted second degree murder to be served without benefits; and, (2) the conviction for attempt to disarm a peace officer to be served at hard labor. Bradford pled guilty to two counts of attempted second degree murder, in violation of La. R.S. 14:30.1 and 14:27, for which he was sentenced to 24 years' imprisonment at hard labor on each conviction, and one count of attempt to disarm a peace officer, in violation of La. R.S. 34.6 and 14:27, for which he was sentenced to 2½ years' imprisonment.

4

Louisiana R.S. 14:30.1 provides that whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. La. R.S. 14:34.6 provides that whoever commits the crime of disarming of a peace officer shall be imprisoned at hard labor for not more than five years.

Louisiana R.S. 14:27 provides, in pertinent part:

D. Whoever attempts to commit any crime shall be punished as follows:

(1)(a) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.
. . . .

(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

On his convictions for attempted second degree murder, the trial court failed to impose Bradford's sentences without the benefit of parole, probation, or suspension of sentence. On his conviction for attempt to disarm a peace officer, the trial court failed to impose Bradford's sentence at hard labor. Because correcting Bradford's sentences will not require sentencing discretion, they may be corrected by this court on appeal. *State v. Williams*, 2000-1725 (La. 11/28/01), 800 So. 2d 790. Accordingly, we amend Bradford's sentences on the two convictions for attempted second degree murder to be served without the benefit of parole, probation, or suspension of sentence and amend Bradford's sentence on the conviction for attempt to disarm a peace officer to be served at hard labor.

5

## CONCLUSION

For the foregoing reasons, we grant appellate counsel's motion to withdraw and affirm Bradford's conviction and sentence as amended.

**MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED AS AMENDED.**