# IN THE COURT OF APPEALS OF IOWA

No. 21-1646
Filed October 19, 2022

**M. JENKINS AS TRUSTEE OF THE 2216 LAY STREET TRUST,**
    Plaintiff-Appellee,

**vs.**

**LEONOR CLARK and JASON CLARK,**
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Polk County, Jesse Ramirez, District Associate Judge.

Occupants appeal from the district court's order affirming the small claims court's grant of a forcible-entry-and-detainer petition. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Frank Cal Tenuta of Iowa Legal Aid, Sioux City, and Alexander Vincent Kornya of Iowa Legal Aid, Des Moines, for appellants.

Valerie Cramer of Cramer Law PLC, Clive, for appellee.

Heard by Schumacher, P.J., Chicchelly, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CHICCHELLY, Judge.**

Leonor and Jason Clark appeal from the district court's order affirming the small claims court's grant of a forcible-entry-and-detainer (FED) petition. The Clarks contend: (1) they should have been able to challenge the validity of the forfeiture giving rise to the FED petition during the FED action, and (2) the small claims court should have transferred the case to district court because it does not have jurisdiction to consider issues of title, which are inherent in determining the validity of forfeiture of a real estate contract. Finding the small claims court was indeed without jurisdiction, we reverse and remand with instructions to transfer the case to district court for consideration of the Clarks' forfeiture challenge.

## I. Background Facts and Proceedings.

On September 9, 2019, the Clarks executed a real estate contract to purchase a home from the 2216 Lay Street Trust (the "Trust") for $89,900. The Clarks paid a down payment of $10,000 and agreed to make monthly payments of $750. Section 16 of the contract provided that failure to make the payments as they became due or failure to keep the property insured, among other events, would be grounds for the Trust to forfeit and cancel the contract, and upon completion of such forfeiture, the Clarks would need to peacefully remove at once or be treated as tenants holding over unlawfully after the expiration of a lease.

On April 22, 2021, the Trust served the Clarks with a thirty-day notice of forfeiture for failure to make contract payments. The parties reached a payment agreement, and no affidavit of forfeiture was filed on this notice. On July 16, the Trust served the Clarks with a new thirty-day notice of forfeiture, which set forth a new amount owed based on monthly payments and allegedly unpaid insurance

premiums. The Clarks dispute the propriety of this notice and its accounting. After thirty days passed, the Trust filed an affidavit of forfeiture. On August 30, the Trust served a three-day notice to quit via certified and regular mail plus posting. On September 8, the Trust filed an FED action in small claims court.

The Clarks filed a motion to transfer the action to district court, arguing that a court sitting in small claims does not have jurisdiction to determine issues of title. At the small claims hearing on September 20, the court declined to transfer the case, finding the Trust "properly forfeited the contract" and granting its FED petition. The Clarks filed a timely appeal and obtained a stay of execution of the writ of removal. On October 26, the district associate court affirmed the ruling and issued a writ of possession to the Trust, finding that "[b]y leaving the contract forfeiture unchallenged, the small claims court is left with a validly forfeited contract and title is no longer at issue." The Clarks filed an application for discretionary review, which our supreme court granted. The Iowa Supreme Court also granted the Clarks' request for a stay of the writ of possession. Ultimately, the supreme court transferred the case to this court for resolution.

## II. Review.

"Forcible entry and detainer actions are equitable actions, and therefore our scope of review is de novo." *ACC Holdings, LLC v. Rooney*, 973 N.W.2d 851, 853 (Iowa 2022) (citation omitted). "[E]ven in cases tried in equity, our review of the construction of statutes is at law." *State ex rel. Lankford v. Allbee*, 544 N.W.2d 639, 640 (Iowa 1996).

### III. Discussion.

There appears to be a great deal of confusion surrounding our small claims courts' jurisdiction to hear issues of title in FED actions and the ramifications arising therefrom. The Trust contends[1] that a 1972 legislative amendment abolished the requirement that issues of title be heard in district court.[2] The Clarks maintain that this principle survived and continues to deprive small claims courts of such jurisdiction.[3] They argue that once title was raised, the proper remedy was to transfer the case to the district court. The small claims court agreed that it does not have jurisdiction to consider title but found that it did not need to do so. It held, and the district associate court affirmed, that the Clarks' remedy was to challenge the validity of the forfeiture in an original district court action during the thirty days after notice was issued. Because they failed to do so, the court found forfeiture was complete and its validity was not at issue.

---

[1] We acknowledge the Trust, as appellee, was not required to submit a brief on appeal. The Trust chose to file a brief but inexplicably failed to develop any arguments beyond the headings in the table of contents.

[2] Prior to amendment, Iowa Code sections 648.13 and 648.14 explicitly provided that "[t]he question of title can only be investigated in the district court," and when put at issue in a municipal or justice court, the court must transfer the case to the district court "where the same shall be tried on the merits, as an equitable action." The 1972 legislation repealed sections 648.11 through 648.14. 1972 Iowa Acts ch. 1124.

[3] The Clarks point out that the 1972 legislation created Iowa's uniformed court system and eliminated the municipal and justice courts referenced in the repealed sections of chapter 648. Therefore, they argue the intent was likely to remove those references and not to abolish the principle. Consistent therewith, it appears that the legislature may have intended to include a modification of Iowa Code section 648.13, which was not codified due to the subsequent language in the bill stating sections 648.11 through 648.14 were to be repealed, but would have provided, "The question of title can only be investigated by a district judge." Section 648.15 was retained, which provides, "When title is put in issue, the cause shall be tried by equitable proceedings."

We first address whether the forfeiture must be separately challenged in district court within thirty days from notice thereof, for the jurisdictional issue would be moot if this was the case. It is true that "nothing is required to complete a forfeiture except the passage of the thirty days after notice." *Gottschalk v. Simpson*, 422 N.W.2d 181, 183 (Iowa 1988); *accord* Iowa Code § 656.5 (2021) (providing that the party serving notice may file record of forfeiture of the real estate contract if default is not cured within thirty days). However, completion is not dispositive as to when the forfeiture may be challenged. *See Skubal v. Meeker*, 279 N.W.2d 23, 26 (Iowa 1979) ("The fact that a contract has been forfeited would not appear to be a bar to the cancellation of a forfeiture; indeed it would necessarily seem to be a prerequisite thereto."). Limiting the opportunity to challenge the validity of a forfeiture to the thirty-day window in which buyers have an opportunity to cure would not make practical sense. Not only would the forfeiture be incomplete, but the timeline to file an original district court action and obtain injunctive relief may prove futile in saving the home.

Moreover, the validity of the forfeiture requires resolution during an FED action, as the court in *Lowery Investments Corp. v. Stephens Industries, Inc.*, 395 N.W.2d 850, 853 (Iowa 1986), acknowledged when the purchasers attempted to challenge the forfeiture after the FED action was concluded:

> [T]he validity of the vendor corporation's action in forfeiting the interest of the vendee corporation under the contract was necessarily resolved adversely to the vendee corporation in the forcible entry action. The allegations of the petition in the forcible entry action make it clear that the vendor corporation's asserted right of possession was dependent upon the validity of the forefeiture under Iowa Code chapter 656. Accordingly, the present claim is barred by a traditional application of the claim preclusion doctrine . . . .

Finally, and most importantly, for courts to summarily prevent purchasers from challenging a real estate forfeiture merely because thirty days have passed from a private actor's notice thereof would raise significant concerns for their constitutional rights to due process. *See Jensen v. Shreck*, 275 N.W.2d 374, 384–86 (Iowa 1979) (upholding constitutionality of forfeiture due to lack of state action). Because the validity of a forfeiture may be raised during an FED action, we find such challenges are not limited to separate filings in district court during the thirty days following notice of forfeiture.

Therefore, we turn to whether the small claims court had jurisdiction to determine title when the Clarks challenged the validity of the forfeiture. Despite the aforementioned statutory amendment, our supreme court recently cited a pre-amendment case approvingly: "It is true that in Iowa, 'title is a justiciable issue in a forcible entry and detainer action when the action has been originally commenced in district court.'" *ACC Holdings*, 973 N.W.2d at 856 (quoting *Steele v. Northrup*, 168 N.W.2d 785, 788 (Iowa 1969)). The court went on to provide further implicit support that magistrate courts still lack jurisdiction to address the issue of title, stating, "But here, only one of the two voluntary dismissals involved a proceeding filed in district court, where title could have been adjudicated." *See id.* Even when jurisdiction was not at issue on appeal, the court has referenced the continued practice of transferring FED actions to district court when title is raised:

> The Fetters filed a motion to remove the case from the small claims docket, to be heard by a district court judge, on the ground they were challenging the plaintiff's title. *See* Iowa Code § 648.15 ("When title is put in issue, the [forcible entry and detainer] cause shall be tried in equity."). On this motion, the court ordered the matter heard by a district court judge.

*Garrison v. Fetters*, 383 N.W.2d 550, 552 (Iowa 1986).

There is practical support for this approach as well, given that title issues generally involve property interests significantly beyond the small claims court's jurisdictional limit of $6500, or the district associate court's jurisdictional limit of $10,000. *See* Iowa Code §§ 602.6306, 631.1(b). Given these limitations and the historical context around the 1972 legislative overhaul, we hold a small claims court lacks jurisdiction to hear the underlying defenses to forfeiture of a real estate contract, which involve issues of title.[4]

### IV. Disposition.

We reverse and remand for a new trial before a district court judge with instructions to allow the full presentation of equitable defenses to the underlying forfeiture.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

[4] We emphasize the distinction between traditional landlord-tenant relationships and the contested forfeiture of a residential land contract. The small claims court expressed concern that tenants would only need to avow having made payment to facilitate transfer of FED actions to district court. Such a scenario is limited to determining the validity of forfeiture, which is necessary to properly trigger the holdover tenancy provided for in the real estate contract and give rise to an FED action in the first place. *See Robinson v. Black*, 607 N.W.2d 676, 678 (Iowa 2000).