## EMERICK v. CLEMENS.

1. **Contract: CONSTRUCTION.** A contract should be so construed as to give to all of its parts, and all of the language used, force and validity where that is possible.

2. —— **RULE APPLIED.** E. and C. entered into an agreement of lease, wherein it was stipulated that C. should pay E. for the use of the

Emerick v. Clemens.

latter's farm the following rents : " fifty dollars to be paid in money and fifteen dollars in labor." By a supplemental agreement it was stipulated, "that the provision that does provide to be paid in money is to be paid in grain ; the said C. is to give the said E. one-third of all the produce that is raised on his farm." *Held,* that the stipulation in the lease in reference to the fifteen dollar payment in labor was not superceded or annulled by the supplemental contract.

3. Pleading: PAYMENT: JUSTICE OF THE PEACE. Where a contract is without objection admitted in evidence for the purpose of proving payment, it cannot be insisted for the first time in the Supreme Court that the contract was inadmissible for that purpose because the payment attempted to be proved was not pleaded, and that, therefore, the party claiming it was. not legally prejudiced by an erroneous construction of such contract disallowing the payment. Especially would this be so in an action originating before a justice of the peace where pleadings are most liberally construed.

*Appeal from Van Buren District Court.*

WEDNESDAY, JANUARY 27.

ACTION commenced before a justice of the peace by a landlord against his tenant, upon an account for work and labor, grain and use of tools, etc. Answer in denial; defendant also claimed a set-off for work and labor and for use of horses, etc., and also set up a claim for the failure of plaintiff to perform covenants of lease, to repair house, dig a well, etc., and annexed a copy of lease to the answer ; the answer averred, " that there is due and owing to defendant over and above all just offsets or credits to which plaintiff may be entitled, the sum of $100." On the trial in the District Court, before a jury, there was a verdict and judgment for defendant for five dollars and twenty-four cents. The main question arising in the case is upon the construction of the lease, as shown in the opinion. The plaintiff appeals.

*L. W. Petit* and *H. H. Trimble* for the appellant.

*Knapp & Wright* for the appellee.

COLE, J. — The main question in this case arises upon the construction of the following lease, and the supple-

1. CONTRACT: mental agreement indorsed thereon : "This construction. agreement witnesses that William Emerick, in consideration of the covenants of Samuel O. Clemens, herein mentioned, doth hereby demise, grant and let, to said Samuel O. Clemens, from the first day of March, 1867, the following described premises, to wit : south-west quarter of section thirty-five, township sixty-nine, range eleven west, all of the land south of the house that H. Petit now lives in, and west to the meadow, all but what H. Petit has now plowed ; the said Clemens is to have in lieu of the ground Petit has plowed, the same amount of land any place on his farm. In consideration thereof, the said Clemens agrees to pay the said Emerick the following rents, to wit : fifty dollars to be paid in money, fifteen dollars in labor, on or before the first day of January, A. D. 1868 ; and the said Emerick agrees to let the said Clemens have thirty acres more of land, for which the said Clemens agrees to pay one-third of the grain ; the small grain in the stack and the corn in the crib. The said Emerick is to furnish the house that Petit now lives in, free of rent, and build an addition to the house, and dig a well, and fire wood free. The said Clemens is to have possession of said house for one year from the first day of March next. Witness our hands, this the 17th day of January, A. D. 1867.

"WILLIAM EMERICK,<br>"SAMUEL O. CLEMENS."

- [50 cent Rev. stamp.]

The supplement is as follows: "By consent of the parties, the provision that does provide to be paid in money is to be paid in grain; the said Clemens is to give the said Emerick, one-third of all the produce that

is raised on his farm — that the said Clemens raises on his farm. Witness our hands, this the 29th day of August, A. D. 1867.

"WILLIAM EMERICK,
"SAMUEL O. CLEMENS."

[ 5 cent Rev. stamp. ]

The District Court held "that the stipulation in the lease in reference to the fifteen dollars labor claim, had been annulled by the supplemental contract of August 1867, indorsed on said lease." This holding of the District Court, is the only error complained of.

It is a rule of construction, that all the parts of the contract will be construed in such a way as to give force and validity to all of them, and to all of the language used, where that is possible. 2 Pars. on Cont. 17, and authorities cited in note (f). By the terms of the original contract Clemens agreed to pay " the following *rents*, to wit, fifty dollars to be paid in money and fifteen dollars in labor." Here was a stipulation to pay two kinds of rent; or to pay the following "rents" (in the plural), one in money the other in labor. Remembering that we must give force to all of the language used, it will not do to say that "money" was used as a generic term, and included the "labor" which had a money value. The rent was to be paid in two different things — money and labor. Now, by the terms of the supplement it was agreed that the part or portion of the rent which was "to be paid in money" should "be paid in grain." So that the defendant, the tenant, agreed to pay one-third of all the grain raised by him, and fifteen dollars in labor, as rent. This "labor," it may be, was to be expended in the repairs of the farm, the addition to the house, or in the digging of the well, or otherwise, as partial compensation therefor. But, however this may be, we cannot

say that such rent would be so unreasonable or unjust (if indeed it is at all unusual) as to justify a court in restraining or extending the language used by the parties so as to give to it other than its ordinary and plain meaning. By the original contract the defendant was to pay rent in *money and labor*. By the supplement he stipulated to pay *grain* instead of the *money*. There is no stipulation to pay anything instead of the *labor*, nor any agreement by the plaintiff to forgive its payment. The defendant, therefore, must be held to the performance of his contract. In our opinion the court erred in its construction of the contract and supplement.

It is objected, however, that under the pleadings the plaintiff could not have any advantage of the labor due him under the contract, and is, therefore, not prejudiced by the holding below. This objection is founded upon the idea that the suit was upon an account, the answer in denial and set-off, and the reply in denial simply, whereas plaintiff should have replied payment by the covenants of the lease. To this objection there may be several answers. First, the District Court expressly passed upon this question, and held, that the contract was admissible under the pleadings, and there was no exception to this holding, nor any appeal taken therefrom. Second, the action arose before a justice of the peace, where pleadings are construed most liberally; and the defendant in his answer averred, that there was " due and owing him, over and above all offsets *or credits* to which plaintiff may be entitled, the sum," etc., which averment was denied by the reply. Under the liberal rules of construction of pleadings before justices of the peace, it would not be error to admit the contract as evidence of the *credit* of fifteen dollars, to which plaintiff would be entitled upon the defendant's account for work and labor. And again, it will be borne

3. PLEADING: payment: justice of the peace.

in mind that the defendant's set-off is (as forcibly stated by his counsel in the written argument on file) in the nature of a new action to which the reply was as an answer. The defendant then sues plaintiff, and claims that plaintiff is indebted to him for work and labor; this the plaintiff denies. The defendant then proves the work and labor done; the plaintiff shows by the lease, which is annexed to defendant's pleading, that he did not, and 'never did, owe him for fifteen dollars of the work and labor; that the work and labor itself was done in payment of the covenant in the lease, and not that the work and labor had been done, and then he had paid for it. The covenant in the lease does not *pay* for the work and labor, but the work and labor *pays* the covenant in the lease. It may well be doubted whether, even under strict rules of pleading, it would have been necessary to plead payment, in order to make an issue under which the lease could be properly used in evidence. However this may be, we are very clear that the condition of the pleadings cannot be construed as a waiver of, or as defeating the right to complain of the erroneous construction of the contract.

Reversed.