HARRIET J. HEIPLE, *et al.*, Appellants, v. ELIZABETH McGEE REINHART.

**Construction of Lease: FORFEITURE.** Effect is to be given to both the written and printed provisions of a contract, where they are consistent with each other, and a printed clause in a lease, providing that a failure on the part of the lessee to perform any of the covenants therein contained, shall authorize a re-entry and recovery of the premises by the lessor, applies to a written provision that the lessee shall pay all taxes on the property before they become delinquent, although a written provision as to forfeiture for certain breaches might not, if considered alone, be held to refer to such agreement.

CONSTRUCTION OF CONTRACT. The intent of the parties to a contract is ordinarily determined by the language they use, and if that is definite, certain and complete, it must control.

**Forcible Entry and Detainer: PEACEFUL POSSESSION:** *Notice to quit.* Under Code, section 3621, providing that "thirty days peaceable and uninterrupted possession, with the knowledge of the plaintiff, after the cause of action accrued," shall be a bar to an action for forcible entry and detainer of property, the service of notice to quit, required by section 3614 to be made three days before the commencement of an action, within thirty days after default of a lessee, is not an interruption of the lessee's peaceable possession, and, unless the action itself is commenced within the thirty days it is barred.

*Construction of statute.* The "knowledge of the plaintiff," referred to in Code, section 3621, is the knowledge of the defandant's possession, and not of the fact that a cause of action to terminate possession has accrued.

*Appeal from Black Hawk District Court.*—HON. A. S. BLAIR, Judge.

TUESDAY, JANUARY 19, 1897.

ACTION of forcible entry and detainer. A trial by jury was had in justice's court, which resulted in a verdict for the defendant, and a judgment in her favor for costs. An appeal was taken to the district court of Black Hawk county. In that court the plaintiffs struck from their petition certain averments, and the defendant filed a demurrer to the petition as thus amended. The demurrer was sustained, and, the plaintiffs refusing to plead further, judgment was rendered in favor of the defendant. The plaintiffs appeal.—*Affirmed.*

*F. C. Platt* for appellants.

*Reed & Tuthill* for appellee.

ROBINSON, J.—On the sixth day of January, 1887, Harriet J. Heiple, Phebe E. Parsons, and Wesley S. Reed entered into an agreement in writing with the defendant by which they leased to her, certain premises in an addition to the city of Waterloo, to be used for the purpose of a dwelling house. The lease took effect on the day it was made, and was to continue "for the term of the natural life" of the lessee. As rent for the premises, she agreed to sell and quit-claim her interest in the real estate of Wesley S. Reed, deceased, excepting the estate granted by the lease to her. The lease contained the following provisions, in printing: "And it is hereby

expressly agreed that, if default shall be made in the performance of any of the covenants herein contained, then it shall be lawful, at any time after such failure, for the said party of the first part to re-enter said premises, and to remove all persons therefrom, after giving three days' notice to quit said premises, hereby waiving all legal or statutory notice to the contrary notwithstanding." Then followed covenants for the use of the property, for preserving and keeping it in repair, and for its surrender at the expiration of the lease or upon a breach of the covenants specified. After that portion of the lease were written the following provisions: "As a further consideration, the said Elizabeth McGee Reed (now Reinhart) hereby expressly agrees to pay all taxes or assessments which may be entered or assessed against said premises, and to pay the same before they become delinquent; and further agrees to keep up all reasonable repairs upon said premises and the buildings thereon at her own expense, and a failure to do so shall work a forfeiture of this lease, and shall be considered a default thereof." The petition alleges, and the demurrer admits, that the defendant has failed to pay the taxes levied upon the leased premises for the years 1892 and 1893, and has permitted the premises to be sold for taxes; that on the twenty-eighth day of April, 1894, the plaintiffs caused to be served upon the defendant, a notice to surrender to them within the three days the leased premises, for the failure to pay the taxes thereon, before they became delinquent. The defendant refuses to surrender the premises, and this action was brought to recover them. On a former submission of this cause, an opinion was filed, 65 N. W. Rep. 331; but a re-hearing was ordered, and the case is again submitted for our determination.*

*It is hereby superseded and, therefore, not officially published.—REPORTER.

I. The first ground of the demurrer is as follows: "The lease shows on its face, that it does not provide for a forfeiture to pay the taxes before they become delinquent. No forfeiture can be declared unless it is expressly stipulated in the lease that right of re-entry or right to declare a forfeiture is reserved on breach of the contract." It is urged in support of this ground of the demurrer that a forfeiture is not favored in law, and will not be declared unless the person claiming it shows clearly that he is entitled to it. This may be admitted, and we are then required to determine whether the lease clearly gives the right of forfeiture, if the lessee permits the taxes levied on the leased premises to become delinquent. It is an elementary rule of construction, that all parts of a written contract must be construed together, and force and effect given to each, where that is practicable. The intent of the parties to a contract is ordinarily 'determined by the language they use, and, if that is definite, certain, and complete, it must control. *Emerick v. Clemens*, 26 Iowa, 335; *Greene v. Day*, 34 Iowa, 333. Our statute provides that, when an instrument consists partly of written and partly of printed form, the former controls the latter when the two are inconsistent. Code, section 3651. That provision does not apply in this case, for the reason that the written portion of the lease in question is not inconsistent with that which is printed. If the two provisions in writing were alone considered, it might reasonably be inferred from their arrangement and the language used, that the forfeiture provided for in the second paragraph, had no application to a failure to pay the taxes as required by the first paragraph. They are separate and independent provisions. But the printed portion of the lease which we have set out, expressly provides for a termination of the lease, in case default be made in

the performance "of any of the covenants" contained
in the lease.   That applies as well to the agreement
to pay taxes as to any other, and authorizes a termina-
tion of the lease for default in their payment.   We
conclude that the first ground of the demurrer was
not well taken.

II.   We have seen that the lease requires the
defendant to pay all taxes levied on the leased prem-
ises before they become delinquent, and provides that
" a failure to do so shall work a forfeiture of this lease,
and shall be considered a default thereof," and that
the defendant failed to pay the taxes levied on
the premises for the years 1892 and 1893.   The
defendant was served, on the twenty-eighth day
of April, 1894, with a notice to surrender the posses-
sion of the leased premises within three days, and that
in case of her refusal an action of forcible entry and
detainer to recover  such possession would be com-
menced against her.   This action was commenced on
the second day of the next month. The second ground
of the demurrer is, in substance and effect, that the
action is barred by section 3621 of the Code.   The
action was brought under section 3611 of the Code,
which contains the following:  "A summary remedy
for forcible entry or detention of real property is allow-
able:   *   *   *   (2) Where a lessee holds over after the
termination, or contrary to the terms of his lease.
*   *   *"   Section 3621 provides that "thirty days'
peaceable and uninterrupted possession, with the
knowledge of the plaintiff, after the cause of action
accrued," is a bar to the proceeding.   The appellants
contend that the taxes for the year 1893 were not
delinquent till the first day of April, 1894; that the
notice to quit was a commencement of this action, and
therefore it was commenced within thirty days from
the time when the cause of action accrued.   For the
purposes of this appeal, it may be conceded that the

taxes for the year 1893 were not delinquent until the first of April, 1894, but more than thirty days elapsed from that time until this action was commenced, on the second day of May. The notice to quit was required to be served three days before bringing the action (Code, section 3614), and could not, therefore, have been the commencement of the action. It did not require the defendant to surrender the premises until the thirty days contemplated by section 3621 had expired, and the possession of the defendant was peaceable and uninterrupted, within the meaning of that section, for thirty days before this action was commenced. The petition does not show when the plaintiffs discovered the non-payment of the taxes, but the knowledge to which the statute refers is the thirty days' peaceable and uninterrupted possession, and not the accruing of the right of action. For the purposes of the action of forcible entry and detainer, a landlord is presumed to know whether his real property in the possession of another is held rightfully or not; and if the possession is peaceable and uninterrupted for thirty days, with the knowledge of the landlord, his right to that action is barred, even though he may not, in fact, have known that the right of possession had ceased to exist by reason of the breach of a covenant, the fulfillment of which was required to make the possession rightful. In this case, the plaintiffs may not have known until the day the notice to quit was served that the defendant had not paid the taxes for the year 1893, but they had provided that the failure to pay the taxes before they became delinquent, should work a forfeiture of the lease. By a fair interpretation of its terms, the defendant was required to pay the taxes to the proper officers, and the plaintiffs could have ascertained readily, from an inspection of public records, whether payment had been made as required by the lease. The

omission of the petition to show that the plaintiffs had known, thirty days before the commencement of this action, that the taxes were unpaid, was not, therefore, material.    We conclude that the petition shows that this action was barred by section 3621 of the Code, and that the demurrer was properly sustained on that ground.    The judgment of the district court is AFFIRMED.

---

After the plates were cast, a case was ordered to be cut out.   To save changes page numbers 532 to 535 inclusive are omitted.