Ernest **THOMAS** et al., Appellees,

v.

**Robert L. BRODSACK and Fonda Brodsack,**
Appellants.

**No. 56161.**

Supreme Court of Iowa.

Feb. 20, 1974.

Spayde & Rielly, Oskaloosa, for appellants.

McCoy & Faulkner, Oskaloosa, for appellees.

Heard by MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendants appeal judgment for possession entered for plaintiffs in a forcible entry and detainer action under chapter 648, The Code. The case was tried in equity. § 648.5, The Code. Our review is de novo. We reverse.

■ Plaintiffs are record titleholders of about 30 acres of land on the Des Moines River in Mahaska County. Defendants own a cabin located on less than one acre of plaintiffs' land. The judgment entered in this case awarded plaintiffs possession of the cabin site and ordered defendants' removal. Defendants contend plaintiffs' forcible entry and detainer action was barred by the limitation of Code § 648.18, which provides:

"Thirty days peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding."

The bar of § 648.18 applies only to summary actions for forcible entry and detainer under Code chapter 648. It does not affect ordinary actions for possession of real estate which may be brought under Code chapter 646.

The factual context of the dispute can best be understood by chronological listing of the virtually undisputed material events:

November 26, 1941, Aaron W. Mattix, owner of the 30 acres, died, leaving a life estate in the land to his son J. C. Mattix and the remainder to the heirs at law of J. C. Mattix.

January 1, 1964, J. C. Mattix leased the less than one acre cottage site to Richard A. Kelley, by written ten-year lease for rental of 25 dollars a year, running from January 1, 1964, to January 1, 1974.

February 8, 1967, J. C. Mattix died, leaving the following heirs at law: Harold C. Mattix, Nellie Van Helten, and plaintiffs Vera Minenga, Ernest Thomas, John W. Thomas, Earl Thomas and Dean Thomas.

June 3, 1967, defendants received an assignment of the cottage site lease. It was "approved" by Jesse Mattix, widow of J. C. Mattix. Defendants paid the rental from 1967 to 1971 to her, not learning until summer 1971 that she did not own the land.

June 1971, all parties to this action first became aware the 30 acres was owned by the heirs at law of J. C. Mattix. Harold C. Mattix negotiated with defendants to sell them the 30 acres but agreement was not reached.

August 2, 1971, Harold C. Mattix and Nellie Van Helten conveyed their interest in the 30 acres to the other owners and several of their spouses, all plaintiffs in this case.

August 1971, plaintiff John W. Thomas, as agent for plaintiffs, met with defendants and offered to sell or rent the cabin site to them. They rejected plaintiffs' terms.

September or October 1971, more than 30 days after the August meeting, Thomas asked defendants again if they would accept plaintiffs' terms. They refused and said they had a lease. Thomas told defendants he did not believe they did. They remained in possession.

November 29, 1971, plaintiffs mailed a "Notice to Terminate Tenancy at Will" to defendants notifying them their tenancy would terminate as of midnight April 1, 1972.

December 4, 1972, plaintiffs caused a three day notice to quit to be served on defendants.

December 20, 1972, plaintiffs commenced this forcible entry action.

Trial court held defendants did not have peaceable possession of the cottage site for more than 30 days on the ground that once plaintiffs learned they owned the land they continuously disputed defendants' right of possession. We do not agree.

■ We believe that even under the view of the evidence most favorable to their contention they lost their right of action in forcible entry and detainer because of the bar of Code § 648.18.

The terms of the statute have been explained in our cases. "[T]he knowledge to which the statute refers is the 30-days peaceable and uninterrupted possession, and not the accruing of the right of action." Heiple v. Reinhart, 100 Iowa 525, 530, 69 N.W. 871, 873 (1897). It is of no material consequence on this point that plaintiffs did not realize several of them had an interest in the land involved until more than four years after the death of the life tenant. Plaintiffs knew of defendants' possession of the cottage site from the time it commenced.

■ Peaceable possession means undisputed or uncontested possession. Rudolph v. Davis, 237 Iowa 1383, 25 N.W.2d 332 (1946). But possession is neither disputed nor contested in the absence of an actual affirmative step at ouster. Roshek Realty Co. v. Roshek Bros. Co., 249 Iowa 349, 87 N.W.2d 8 (1957). Mere assertion of a rival claim is insufficient. See Heiple v. Reinhart, supra (service of a three day notice to quit does not interrupt peaceable possession); McClelland v. Wiggins, 109 Iowa 673, 81 N.W. 156 (1899) (possession without owner's assent following written agreement terminating a lease is peaceable); McRobert v. Bridget, 168 Iowa 28, 149 N.W. 906 (1914) (notice to quit does not interrupt peaceable possession); Fritch & Himes v. Reynolds, 189 Iowa 16, 176 N.W. 297 (1920) (second notice of termination of tenancy followed by notice to quit does not interrupt peaceable possession commencing at date fixed in prior notice of termination); Roshek Realty Co. v. Roshek Bros. Co., supra (negotiations relating to new lease or purchase under owner's assumption prior lease had terminated do not end tenant's peaceable possession).

■ Litigation relating to the right of possession will forestall or interrupt peace-

able possession. Steele v. Northup, 168 N.W.2d 785 (Iowa 1969); Town of Lakota v. Gray, 240 Iowa 193, 35 N.W.2d 841 (1949); Rudolph v. Davis, supra. Litigation did not commence in the present case until December 20, 1972. No other effort to oust defendants was made. Thus, within the meaning of the statute, defendants had peaceable possession of the cabin site with the knowledge of plaintiffs from June 3, 1967, to December 20, 1972.

■ The right of action in forcible entry and detainer for plaintiffs who then had an interest in the land accrued when defendants entered possession of the cottage site June 3, 1967. They had taken an assignment of a lease with the life tenant, J. C. Mattix, who had died February 8, 1967. A lease by a life tenant expires at the death of the life tenant unless continued by consent, acquiescence or estoppel of the remaindermen. Egbert v. Duck, 239 Iowa 646, 32 N.W.2d 404 (1948). In this case plaintiffs deny the lease was continued. Under plaintiffs' theory the lease assigned to defendants was void and defendants' possession was wrongful from the beginning. Plaintiffs made no effort to oust defendants until more than five years later. Under Code § 648.18 the right of action which accrued June 3, 1967, was obviously barred.

Accepting the version of the evidence most favorable to plaintiffs the latest their right of action could have accrued was April 1, 1972. They all appear to have recognized defendants had at least a tenancy at will in November 1971. See § 562.4, The Code. On November 29, 1971, they mailed defendants a notice of termination of tenancy at will effective April 1, 1972. Assuming defendants then had a tenancy at will, plaintiffs' right of action in forcible entry and detainer accrued April 1, 1972. Yet plaintiffs waited until December 20, 1972, more than eight months later, to commence the action. They did nothing during the intervening period to oust defendants from possession. Plaintiffs' right of action in forcible entry and detainer

was barred because defendants had peaceable possession of the cabin site with the knowledge of the plaintiffs for at least 30 days after April 1, 1972.

During the pendency of this appeal the lease under which defendants claimed their right of possession expired by its terms, and defendants do not assert a right to possession after January 1, 1974. However, they sought an adjudication of their rights to preclude liability on the supersedeas bond posted by them to stay operation of trial court's judgment.

Trial court should have held plaintiffs' action barred under Code § 648.18 and erred in entering judgment for plaintiffs.

Reversed.