Margaret M. GARRISON, Appellee,

v.

Meldon FETTERS and Betty Fetters, Appellants.

No. 85–399.

Supreme Court of Iowa.

March 19, 1986.

Meldon Fetters and Betty Fetters, pro se.

Robert A. Wright, Sr. of Wright, Wright & Borseth, Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

LARSON, Justice.

This is an appeal from an order in a forcible entry and detainer action, Iowa Code chapter 648, in which the district court ruled that the right of possession to residential property in Des Moines was vested in the plaintiff-landlady, Margaret Garrison. On appeal, the tenants argue (1) Iowa Code section 648.15 (1983), which provides that forcible entry actions are to be tried in equity, unconstitutionally denied them a trial by jury; (2) the thirty-day "peaceable possession" exception of Iowa Code section 648.18 was applicable, thus barring the action; (3) the notice to cure, under Iowa Code section 562A.27(2), was defective; (4) the equitable defenses of clean hands and unjust enrichment barred

any remedy for the landlady; and (5) any interests of the parties previously existing under their lease had been merged in a deed from the landlady to the tenants. We reject these arguments and affirm the district court.

This case involves residential property in the city of Des Moines consisting of two small dwellings in an economically depressed area of the city. The property had been inherited by the plaintiff-landlady, Margaret M. Garrison, and an uncle, M.O. Shackelford. The record indicates that Shackelford retained an ownership interest in the property at the time these events occurred, but he is not named as a party.

In the fall of 1976, the property was rented to Meldon Fetters and Betty Fetters at $100 per month. Shortly afterward, the city of Des Moines began to bring pressure to upgrade the property which was then in violation of the Des Moines housing code.

On March 16, 1977, the landlady (and Shackelford) gave the tenants a warranty deed, which was obviously a sham. The purpose was to make the property appear to be owner-occupied and therefore exempt from the city's rental-property regulations. The delivery of the warranty deed was conditioned on the tenants', in turn, executing a quitclaim deed to be held by the landlady and Shackelford. This quitclaim deed was later recorded, but not until after the tenants had defaulted in their rent payments. (The tenants deny that they had executed the quitclaim deed. On our de novo review of the record, we conclude they did. In any event, under our view of this case, this is not a critical issue). Even after the deeds were exchanged, the parties continued a landlord-tenant relationship. The landlady paid the taxes, and the tenants paid the $100 per month.

The tenants defaulted on their rent payments due on the first days of July through September, 1982. On August 20, 1982, the landlady recorded the quitclaim deed. On September 22, 1982, she served the tenants with a three-day notice to cure, Iowa Code section 562A.27(2), and a three-day notice

to quit, Iowa Code section 648.3. The tenants refused to vacate the premises, and this forcible entry action was filed on October 1, 1982, in the small claims division of the Polk County District Court.

The Fetters filed a motion to remove the case from the small claims docket, to be heard by a district court judge, on the ground they were challenging the plaintiff's title. *See* Iowa Code § 648.15 ("When title is put in issue, the [forcible entry and detainer] cause shall be tried in equity.") On this motion, the court ordered the matter heard by a district court judge. The transfer of the case to the equity docket, rather than the law docket, raises the first issue.

### I.  *The Jury Trial Issue.*

The tenants argue that, because the case was required by section 648.15 to be tried in equity, they were denied their constitutional right to a trial by jury. They point to the history of the forcible entry and detainer action and cite authority which held that, prior to the enactment of our constitution, a trial by jury was permitted. They contend that, under our constitution, article I, section 9, any such cause of action in which the parties were entitled to a trial by jury was to be preserved. ("The right of trial by jury shall remain inviolate....") *See Iowa National Mutual Insurance Co. v. Mitchell*, 305 N.W.2d 724, 726–29 (Iowa 1981).

While this is an interesting legal argument, we need not resolve it here. Under our view of the case, it would make no difference whether the evidence was heard at law or in equity, to a court or to a jury. The case turns on the substantive legal issues raised.

### II.  *The "Peaceable Possession" Argument.*

Iowa Code section 648.18 provides: "Thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action [in forcible entry and detainer] accrues is a bar to this proceeding." The tenants claim the forcible entry action "accrued" for this purpose on July 1, 1982, when they first defaulted in their rent payments, citing Iowa Code section 648.1(5). Since this forcible entry action was not commenced until October 1, 1982, they contend the action was barred.

This tenancy was one characterized as "periodic," that is

> a tenancy that endures for a certain period and [which] will continue for subsequent successive like periods unless terminated by one of the parties at the end of a period.

*Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 455 (Iowa 1982). *Accord*, 51C C.J.S. *Landlord and Tenant* § 130(1), at 413–14 (1968).

> While there is some authority to the contrary the weight of authority is that the tenancy is not continuous and must be renewed each month. Thus a month to month tenancy is not a continuing right of possession but ends and recommences at the expiration of every month. A tenancy from month to month is actually a type of tenancy at will.
>
> ... A tenancy from month to month is not a continuing right of possession, but as in the case of a tenancy from year to year, it is taken to end and recommence at the expiration of every month.

S. Thompson, *Commentaries on Modern Law of Real Property* § 1019, at 31–32 (1980).

In this case, it is true the first default occurred on July 1, but subsequent defaults occurred on August 1 and September 1. While it might be argued that thirty days peaceable possession would bar a forcible entry action based only on the July 1 breach, it is clear that thirty days did not follow each of the subsequent rent defaults. We conclude the thirty-day peaceable possession exception is not applicable. To accept the tenants' argument would mean an owner would lose the right to maintain a forcible entry action at any time in a month-to-month tenancy by failing to exercise the right of forcible entry and detainer immediately upon the first default.

**553**

### III. *The Notice to Cure.*

As already mentioned, Iowa Code section 562A.27(2) provides for a notice to cure:

If rent is unpaid when due and the tenant fails to pay rent within three days after written notice by the landlord of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within that period of time, the landlord may terminate the rental agreement.

 The tenants complain that the notice to cure in this case did not advise them of the amount of rent due or the date when due. The landlady responds that section 562A.27(2) does not require such information, which was already known to the tenants or readily available to them. We agree with the district court; the notice to cure complied with section 562A.27(2).

### IV. *The Equitable Arguments.*

The tenants complain that the landlady should not be permitted to use a court of equity to pursue her remedies because of the equitable doctrines of unjust enrichment and clean hands. Under their argument, the landlady's participation in the sham transactions involving the warranty deed and quitclaim deed should preclude her from obtaining any relief in equity. *See Sisson v. Janssen,* 244 Iowa 123, 131–32, 56 N.W.2d 30, 34–35 (1952). The problem with this argument is that the tenants, who knowingly participated in these conveyances, lack clean hands themselves and are not in a position to complain about the landlady's standing in equity. *See generally Figge v. Clark,* 174 N.W.2d 432, 434 (Iowa 1970); *Sisson,* 244 Iowa at 131, 56 N.W.2d at 34. We reject these arguments.

### V. *The Merger Argument.*

In a similar argument, the tenants contend the lease was merged in the warranty deed from the landlady and that any right to terminate the lease was lost when that merger occurred. For the reasons discussed in the preceding division, we conclude there is no merit to this argument.

The deed was a legal nullity, so there could be no merger in it.

We find no error in the district court's orders. We therefore affirm.

AFFIRMED.