**W.M. PETTY, Appellee,**

v.

**FAITH BIBLE CHRISTIAN OUTREACH CENTER, INC. a/k/a Faith Bible Christian Outreach Center, Appellant.**

No. 97–232.

Supreme Court of Iowa.

Sept. 23, 1998.

304

Robert Kohorst of the Kohorst Law Firm, Harlan, for appellant.

Chad McShane of Crary, Huff, Inkster, Hecht & Sheehan, P.C., Sioux City, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

On appeal from an adverse judgment in a forcible entry and detainer (FED) action, a tenant claims its lease was automatically renewed and the action was barred by its thirty-days' peaceable possession after the expiration of the lease. We affirm the lower courts' findings that the lease was not automatically renewed but conclude the FED action was barred under Iowa Code section 648.18 (1995).

## I. *Background Facts and Proceedings.*

In 1985 the defendant, the Faith Bible Christian Outreach Center [hereinafter the church], acquired a building located on land that was owned by the C.H. Moore Trust Estate [hereinafter trust]. In 1987 the church leased the land from the trust. The lease specified it was "for a term to commence on Jan 1, 1987, and end on June 19, 1996."

The lease set forth the specific amount of rent to be paid for each year of the lease term, with the rent to increase by approximately ten percent per year. It also provided that upon the termination of the lease the lessee was to remove all buildings located on the premises and any buildings remaining on the property sixty days thereafter would become the property of the owner.

In 1992, W.M. Petty acquired the land and an assignment of the lease from the trust. Petty notified the church its lease would terminate on June 19, 1996, and he offered to engage in negotiations to purchase and lease-back the church building. The parties corresponded about the issue but no agreement was ever reached.

The church did not vacate the premises on June 19, 1996, and Petty served three-day notices to quit on church representatives on July 22 and 23, 1996. *See* Iowa Code § 648.3. He filed an FED action as a small claim on August 9, 1996. *See* Iowa Code §§ 631.1(2), 648.5. At trial, Petty claimed the lease was terminated on June 19, 1996; the church claimed the lease had been automatically renewed. The church also urged the FED action was barred under Iowa Code section 648.18.

The magistrate found the lease was not ambiguous and was a lease for a fixed term ending on June 19, 1996. The magistrate rejected the church's arguments that the lease had automatically renewed, and that the FED action was barred by its thirty-days' peaceable possession following the expiration of the lease. The magistrate gave the church sixty days from the date of his judgment to remove its building. The church appealed the judgment and the district associate judge affirmed. Because the lease terminated on June 19, 1996, the court concluded the church was a trespasser and that Iowa Code section 648.18 did not apply. The judge gave the church sixty days from the filing of his ruling to remove its building and personal property from the leased premises.

The church filed an application for discretionary review which we granted subject to its filing of a bond. On appeal, the church contends the lower courts erred in granting the FED action because the lease automatically renewed and the FED action was barred by its thirty-days' peaceable possession.

## II. Scope of Review.

A forcible entry and detainer action is tried in equity and our review is de novo. *Bernet v. Rogers*, 519 N.W.2d 808, 810 (Iowa 1994). In such a review, we are to "look at both the facts and the law and then determine—based on the credible evidence—rights anew on those propositions properly presented." *Id.* Although not bound by the district court's findings of fact, we give them weight, especially when considering the credibility of witnesses. *Id.* The defendant has the burden of proving by a preponderance of the evidence any affirmative defenses it raises. *Id.* We determine if the defendant has met that burden by considering all the evidence, both in support of and contrary to the proposition, and then weighing each to determine which is more convincing. *Id.*

## III. Renewal of Lease.

The first question we must address is whether the lease was automatically renewed. The lease contained numerous "conditions," the second paragraph of which provided:

> In the event of a material breach such as nonpayment of rent, waste of the property, or nonperformance of a specific term of this lease, this lease may be terminated on 60 days notice mailed to the last known address of the terminated party. *Unless so terminated* or otherwise modified by mutual consent this lease will renew automatically upon the terms and conditions set forth herein.

(Emphasis added.)

The church contends paragraph two is ambiguous and any ambiguity must be construed against Petty as he is the assignee of the drafter's interests. *See Sears, Roebuck & Co. v. Poling*, 248 Iowa 582, 588–89, 81 N.W.2d 462, 465 (1957) (provisions of lease construed against drafter).

Our goal in interpreting a lease is to ascertain the meaning and intention of the parties. *Howard v. Schildberg Constr. Co.*, 528 N.W.2d 550, 554 (Iowa 1995). Unless the contract is ambiguous, the court determines the parties' intent from the language of the contract. *Id.* Consequently, where the intent of the parties is expressed in clear and unambiguous language, we enforce the contract as written. *Id.*

Perpetual leases are not favored and the intent to create one must appear in clear and unequivocal language. *Id.* at 555. Courts that have enforced perpetual renewals of a lease have done so only where the perpetual nature of the lease is unmistakable. *Id.* In order to be enforceable, a provision for extension or renewal must be definite and certain in its terms, particularly with respect to the duration of the additional term and the amount of rent to be paid. *See Potter v. Henry Field Seed Co.*, 239 Iowa 920, 928, 32 N.W.2d 385, 390 (1948); 49 Am.Jur.2d *Landlord and Tenant* § 150 (1995); 51C C.J.S. *Landlord & Tenant* § 56(3) (1968). The terms and conditions of a renewal should be specified with such definiteness and certainty that the court may determine what has been agreed upon, and if it falls short of this requirement it is not enforceable. *See* 51C C.J.S. *Landlord & Tenant* § 56(3) (1968).

Although the language of the lease relating to renewal is ambiguous, several factors support a finding that the lease in this case was not subject to renewal. First, the purported renewal provision is not sufficiently specific with respect to the duration of the additional term or the amount of rent to be paid. The church contends the amount of rent under a renewed lease could be based on a ten percent annual increase similar to that expressly provided for in the lease for the years 1987–1996. However, that approach would require us to bind the lessor to future rental amounts that are not set forth in, or even alluded to, in the lease.

The structure of paragraph two also supports our conclusion that the lease did not automatically renew. The first sentence refers to the termination of the lease upon a material breach. This sentence clearly qualifies the second sentence which begins with the words "[u]nless so terminated." A separate paragraph of the lease gives the lessor the "option" of whether to terminate the

lease following a material breach.[1] We conclude the renewal language in paragraph two applied only in the event there was a material breach and the lessor elected not to exercise his option to terminate the lease. Under those circumstances the lease would "renew" by continuing under the same terms and conditions as it had prior to the breach. We affirm the lower courts' findings that the lease terms did not automatically renew and that the lease terminated on June 19, 1996.

### IV. Section 648.18—FED Action Barred by Peaceable Possession.

The second issue we must address is whether it was error to hold the FED action was not barred by the church's thirty-days' peaceable possession. At the outset, we note that an action for forcible entry and detainer is a summary statutory remedy for possession. *Steele v. Northup*, 168 N.W.2d 785, 788 (Iowa 1969). Our statute specifically provides that a landlord may use this remedy "where a lessee holds over after the termination of the lease." Iowa Code § 648.1(2). However, a landlord who pursues this summary remedy is subject to the defense provided in Iowa Code section 648.18.

Section 648.18 provides:

Thirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding.

In interpreting the FED statutes we give them a liberal construction with a view toward promoting their object of enabling a person entitled to the possession of real estate to obtain such possession from anyone illegally in possession thereof. *Bernet*, 519 N.W.2d at 811.

We have previously held that "peaceable possession" means undisputed or uncontested possession. *Thomas v. Brodsack*, 215 N.W.2d 503, 505 (Iowa 1974); *Rudolph v. Davis*, 237 Iowa 1383, 1386, 25 N.W.2d 332, 334 (1946). "But possession is

neither disputed nor contested *in the absence of an actual affirmative step at ouster.*" *Thomas*, 215 N.W.2d at 505 (emphasis added). "Mere assertion of a rival claim is insufficient." *Id.*

We have repeatedly held the service of a three-day notice to quit does not interrupt peaceable possession. *See Warren v. Yocum*, 223 N.W.2d 258, 263 (Iowa 1974); *see also Roshek Realty Co. v. Roshek Bros. Co.*, 249 Iowa 349, 358–60, 87 N.W.2d 8, 14–15 (1957); *McRobert v. Bridget*, 168 Iowa 28, 33–34, 149 N.W. 906, 908 (1914); *Heiple v. Reinhart*, 100 Iowa 525, 530, 69 N.W. 871, 873 (1897). Nor is peaceable possession disrupted by a landlord's assumption that the lease has terminated. *See Roshek*, 249 Iowa at 359–60, 87 N.W.2d at 14–15.

A tenancy ceases without further notice when the lease fixes the time for termination of the tenancy. Iowa Code § 562.6; *Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 455 (Iowa 1982). The lease in this case terminated on June 19, 1996. With Petty's knowledge, the church held over after termination of the lease for over thirty days. Petty's cause of action accrued on June 19, but he did not commence an "actual affirmative step at ouster" until over thirty days later when he filed his FED action. Petty delayed too long in bringing his action and it was barred by the church's thirty-days' peaceable possession.

This is not a case in which a tenant's subsequent defaults start the thirty-day period anew and retrigger a landlord's right to bring an FED action. In *Garrison v. Fetters*, 383 N.W.2d 550, 552 (Iowa 1986), we recognized that a month-to-month tenant's failure to make monthly rent payments constituted separate defaults and even if the landlord did not commence an FED action within thirty days of the first default, it could do so following one of the subsequent defaults. In the action before us the landlord's cause of action accrued on June 19, 1996, when the lease terminated and the tenant did not vacate the premises. Unlike *Garrison*,

---

1. Paragraph ten of the lease provided:
   If there is any material breach in the payment of rent or compliance with any terms or conditions of this lease, this lease at the option of the Lessor shall terminate and be forfeited and the Lessor may re-enter the premises and remove all persons therefrom.

there were no subsequent defaults from which a new cause of action accrued. By not taking action to interrupt the tenant's peaceable possession within thirty days of June 19, the landlord lost his right to use the summary remedy of an FED action to recover the property.

Unlike the magistrate and the district associate judge below, we find this case is distinguishable from our decision in *Bernet v. Rogers,* 519 N.W.2d 808 (Iowa 1994). In *Bernet* we held an action to evict a live-in girlfriend from her boyfriend's home was not subject to the thirty-days' peaceable possession bar of section 648.18. *Bernet,* 519 N.W.2d at 811. We found the girlfriend's status was that of a licensee rather than a tenant at will because she had not had an interest in, and exclusive legal possession of, the premises. *Id.* at 810–11. We held that because the girlfriend held no interest in the property (such as the types of interests delineated in Iowa Code sections 648.1(2)-(6)), she was not entitled to a section 648.3 notice to quit nor did section 648.18 apply to bar her removal. *Id.* at 811.

The following language from our opinion in *Bernet* demonstrates that our focus was on whether the girlfriend had *ever* had any interest in the property, not merely whether she had an interest at the time of the FED hearing.

> Moreover, we think Skip was not required to give Sharon a three-day notice to quit because this notice provision applies only where the defendant *has had* some kind of interest in the property. *See* Iowa Code §§ 648.1(2), (3), (4), (5), (6), 648.3. Because Sharon *had* no such interest, she was not entitled to the notice. For the same reason, we think the thirty-day peaceful possession bar does not apply.

*Id.* (emphasis added).

Since the girlfriend in *Bernet* had never had *any interest* other than as a licensee, sections 648.3 and 648.18 did not apply. Here it is undisputed that the church had previously had an interest in the property prior to the expiration of its lease. *See Jensen v. Nolte,* 233 Iowa 636, 639, 10 N.W.2d 47, 49 (1943) (a lease creates an interest in the real estate for a lessee). *Bernet* does not apply to this case. The church was not precluded from relying on section 648.18 to bar the action.

### V. *Conclusion.*

The statutory provisions of chapter 648 clearly contemplate their application to holdover tenants. Iowa Code § 648.1(2). Nothing in chapter 648 suggests the church could not rely on section 648.18 and the peaceable possession defense to bar the FED action. Petty filed his FED action on August 9, 1996, more than thirty days after the lease terminated. The record does not reveal anything which would have interrupted the thirty-day period. As a result, the church had thirty-days' peaceable possession. The magistrate and district associate judge erred in failing to find the FED action was barred.

Our conclusion that section 648.18 barred Petty's FED action does not leave him without any remedy to recover his property. *See* Iowa Code § 648.17 (FED remedy not exclusive). The bar of section 648.18 applies only to *summary* actions for forcible entry and detainer under chapter 648 and does not preclude ordinary actions for possession of real estate which may be brought under chapter 646 (recovery of real property). *See Thomas,* 215 N.W.2d at 504.

The costs are taxed one-third against the church, two-thirds against Petty.

**AFFIRMED IN PART AND RE-VERSED IN PART.**