# IN THE COURT OF APPEALS OF IOWA

No. 17-1465
Filed June 20, 2018

**DES MOINES RHF HOUSING, INC.,**
    Plaintiff-Appellant,

**vs.**

**ALVIN SPENCER,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee, II, District Associate Judge.

Des Moines RHF Housing, Inc. appeals the dismissal of its petition for forcible entry and detainer filed against Alvin Spencer. **JUDGMENT VACATED AND REMANDED.**

Jason M. Craig of Ahlers & Cooney, P.C., Des Moines, for appellant.

Jason R. Burdick of Iowa Legal Aid, Des Moines, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Des Moines RHF Housing, Inc. seeks relief from the dismissal of its petition for forcible entry and detainer (FED) filed against Alvin Spencer. The magistrate held the FED action was barred by the peaceable possession defense set forth in Iowa Code section 648.18 (2017) and dismissed the petition. The district court affirmed the magistrate's decision. On RHF Housing's application, the supreme court granted discretionary review. The supreme court transferred the matter to this court for resolution.

"In a discretionary review of a small claims decision, the nature of the case determines the standard of review." *De Stefano v. Apts. Downtown, Inc.*, 879 N.W.2d 155, 164 (Iowa 2016) (quoting *GE Money Bank v. Morales*, 773 N.W.2d 533, 536 (Iowa 2009)). An action for forcible entry and detainer "shall be tried as an equitable action." Iowa Code § 648.5(1). "Our review of a forcible entry and detainer action, which is tried in equity, is de novo." *Capital Fund 85 Ltd. P'ship v. Priority Sys., LLC*, 670 N.W.2d 154, 156–57 (Iowa 2003) (citation omitted). "The interpretation of statutes is reviewed for errors at law." *Horizon Homes of Davenport v. Nunn*, 684 N.W.2d 221, 224 (Iowa 2004) (citing *State v. McCoy*, 618 N.W.2d 324, 325 (Iowa 2000)).

The record reflects the following. RHF Housing, a supportive housing for persons with disabilities facility under 42 U.S.C. § 8013, served Spencer with a "Notice of Nonpayment of Rent, Notice of Termination of Lease, and Notice to Quit" on May 15, 2017. The notice demanded unpaid rent from April and May 2017 and stated, "[if] the full amount of past due rent is not paid by May 22, 2017 (the 'cure date'), then the Lease Agreement shall terminate on June 21, 2017 ('the

termination date') without any further notice to you." On June 22, 2017, RHF Housing filed its FED action against Spencer and averred, "Landlord terminated Defendant's lease effective June 21, 2017 for non-payment of rent." After a hearing the magistrate determined:

> The Court finds the cause of action for nonpayment of April rent accrued on April 2, 2017. On May 2, 2017, Plaintiff was barred from filing an action based on non-payment of April rent because they allowed Defendant to remain on the premises peaceably for thirty days.
> However, a new cause of action accrued on May 2, 2017, when Defendant failed to pay May rent by May 1, 2017. Had the three-day notice only requested May rent, to cure, Plaintiff would not be barred from bringing this action. For these reasons, the Court finds peaceable possession, pursuant to Iowa Code Section 648.18, barring Plaintiff from bringing this action.

The district court affirmed this ruling and found the action brought by RHF Housing was an action for non-payment of rent, not an action against a holdover tenant after the termination of a lease.

An action for forcible entry and detainer is an action for possession of property. *See AHEPA 192-1 Apartments v. Smith*, No. 11-0167, 2011 WL 6669744, at *5 (Iowa Ct. App. Dec. 21, 2011). "The only question in a forcible entry and detainer action is whether the defendant is wrongfully detaining possession of the real property at the time of the trial." *Bernet v. Rogers*, 519 N.W.2d 808, 811 (Iowa 1994) (citing *Rudolph v. Davis*, 30 N.W.2d 484, 486 (Iowa 1948)). The Code provides for a summary remedy in certain circumstances:

> A summary remedy for forcible entry and detainer is allowable:
>
> 1. Where the defendant has by force, intimidation, fraud, or stealth entered upon the prior actual possession of another in real property, and detains the same.
> 2. Where the lessee holds over after the termination of the lease.

> 3. Where the lessee holds contrary to the terms of the lease.
> 4. Where the defendant continues in possession after a sale by foreclosure of a mortgage, or on execution, unless the defendant claims by a title paramount to the lien by virtue of which the sale was made, or by title derived from the purchaser at the sale; in either of which cases such title shall be clearly and concisely set forth in the defendant's pleading.
> 5. For the nonpayment of rent, when due.
> 6. When the defendant or defendants remain in possession after the issuance of a valid tax deed.

Iowa Code § 648.1.  A "landlord who pursues this summary remedy is subject to the defense provided in Iowa Code section 648.18," which reads "[t]hirty days' peaceable possession with the knowledge of the plaintiff after the cause of action accrues is a bar to this proceeding." *Petty v. Faith Bible Christian Outreach Ctr.*, 584 N.W.2d 303, 307 (Iowa 1998); *see* Iowa Code § 648.18.

In this case, the district court committed two errors.  First, the district court erred in recasting RHF Housing's petition.  RHF Housing filed its petition in this case against Spencer as a holdover tenant pursuant to section 648.1(2).  The district court treated the petition as if it asserted a claim arising under subsection (5) for nonpayment of rent.  The district court erred in so doing.  *See Haskenhoff v. Homeland Energy Solutions, LLC*, 897 N.W.2d 553, 579 (Iowa 2017) ("Haskenhoff is the master of her own pleadings."); *Grimm v. US West Commc'ns, Inc.*, 644 N.W.2d 8, 14 (Iowa 2002) (stating "the plaintiff is the master of [her own] complaint" and may "intentionally craft her petition" to avoid certain legal issues).

Second, the district court erred in holding the peaceable possession defense barred RHF Housing's use of the summary remedy.  An action for forcible entry and detainer based on a tenant holding over after the termination of a lease accrues at the time of lease termination.  *See Smith*, 2011 WL 6669744, at *7

("AHEPA's FED cause of action was premised upon the ground that Smith was holding over after the termination of the lease accrued when the lease was terminated."); *see also Petty*, 584 N.W.2d at 307 ("In the action before us the landlord's cause of action accrued on June 19, 1996, when the lease terminated and the tenant did not vacate the premises."); *Hillview Assocs. v. Bloomquist*, 440 N.W.2d 867, 873 (Iowa 1989) (finding the "cause of action accrued at the end of the sixty days" when landlord gave sixty-day notice of termination of lease). Here, RHF Housing terminated the lease on June 21 and initiated this action on June 22. Therefore, Spencer did not have peaceable possession of the property for thirty days after the accrual of the cause of action. The peaceable possession defense is inapplicable here.

Spencer contends the district court can be affirmed on alternative grounds. Spencer argues the district court should be affirmed because RHF Housing failed to comply with federal regulations regarding lease terminations and because RHF Housing's acceptance of a rent subsidy waived its ability to pursue possession of the rental unit. These arguments were not presented to or decided by the district court. This court cannot affirm on an alternative basis where "the parties did not raise the issue in the district court." *State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008). We decline Spencer's invitation to affirm the district court on these grounds.

Spencer also contends the district court can be affirmed because he tendered his rent but RHF Housing refused his tender. Spencer urged this argument in the district court, but the district court did not resolve the issue due to its dismissal of the case based on the peaceable possession defense. This defense turns on disputed factual issues. Here, neither the magistrate nor the

district court made any of the factual findings or credibility determinations necessary to resolve Spencer's claim. Those first-hand determinations are critical in a case such as this. *See Albert v. Conger*, 886 N.W.2d 877, 880 (Iowa Ct. App. 2016) ("[E]ven in a de novo appellate review, 'great weight' is accorded the findings of the trial court where the testimony is conflicting. This is because the trial court is in a far better position to weigh the credibility of witnesses than the appellate court." (internal citation omitted)). RHF Housing asks that we remand this matter for consideration of this defense. *See Beck v. Phillips*, 685 N.W.2d 637, 646 (Iowa 2004) (utilizing this remedy by concluding "[i]n this case, we think it is more appropriate to remand this case for further proceedings in the district court, where the arguments of the parties, as well as the record, can be more fully developed in light of our ruling"). Given RHF Housing's concession that the matter should be remanded for findings on this issue, we conclude the disposition is appropriate.

We vacate the judgment of the district court dismissing RHF Housing's petition for forcible entry and detainer, and we remand this matter for further proceedings relating to Spencer's claim he tendered his rent but RHF Housing refused payment.

**JUDGMENT VACATED AND REMANDED.**